Hemphimd, Ch. J.
A question has been made relative to the sufficiency of the return, this being signed by the deputy sheriff alone; but the examination of this, as it is not essential to the decision,will be waived.
It has also been contended that the regular succession of executions not having been kept up, and that more than eighteen mouths having elapsed between the issue of the first and the second execution, the latter is void; and this position is, beyond doubt, sustained by the principles decided in the causes of Bennett et ux. v. Gamble, 1 Tex. R., 124, and Scott & Rose v. Allen, Id., 514. But were the execution admitted to he valid, yet this would not materially affect the question raised in the plea. Ben years elapsed from the date of the second execution prior to the commencement of this action; and if this be sufficient to operate as a bar, tiie plea was good and should have been sustained, and the question for consideration is, whether ten years, as pleaded, or twenty years, as insisted upon in the argument, must elapse before satisfaction of the judgment can be presumed.
Unfortunately there is no provision of the statute of limitations which is directly applicable to the case. In the second section of the act of limitations (art. 2378) it is declared, in substance, that judgments in courts of record, where execution hail not issued within twelve months after rendition, may be revived by scire facias or action of debt within ten years next after the date of such judgment, and not after, t%c., &c. But in this case execution had issued and was returned, and the sufficiency of that return will not now be questioned; consequently, neither the provisión we have above cited, nor does any other in the statute, directly apply to the contingency presented by the facts of this case. Blie rules, then, by which the period within which this action may be brought are to be found, not in the statute, but in acknowledged legal principles, in relation to the subject-matter, and one of the best established of these rules is, that where a statute has fixed a bar to one action in a particular case, the remedy in analogous cases, not provided for by statute, should be restricted to the same period. For instance, in England, (and prior to the statute of "William IV, which gave the sanction of positive law to the doctrine,) a right to an incorporated hereditament was held to be acquired by an adverse, uninterrupted enjoyment of twenty years, in analogy to the provision of the statute of limitations of the 21st James I, under which, by an adverse possession of twenty years, an action of ejectment was barred, and a possessory right to the land was given, (Angelí Lim., 3, note;) and in the United States, grants of such hereditaments have been freely presumed, “ it being the policy (in the language “ of Mr. Greeuleaf) of courts of law to limit the presumptions to periods anal- “ ogous to those of the statutes in all cases where they do not apply. (2 Greenl., sec. 539 ; S Pick. R., 504.)
In States where there is a separate chancery jurisdiction or organization, statutes of limitation are not (at least they were not formerly) addressed to courts of equity. In terms, they embraced only actions at law. But courts of equity, (in which, by then own inherent jurisdiction, effect had always been *240 given to lapse of time; and the laches and negligence of plaintiffs treated with discountenance,) after the passage of statutes of limitations, although they did not in express terms come within their operation, yet, in a great variety of cases, acted upon the analogies of the statute and gave to lapse of time the ■effect which it had, by positive provision, on kindred subjects in courts of law. All causes of relief upon equitable titles or claims touching real estate were held barred by the lapse of twenty years by analogy to the bar of the right of entry or action of ejectment. A mortgagee in possession for twenty years, without acknowledgment of the existence of the mortgage, was presumed to hold by an absolute title. And if a mortgagor be in possession for the same space of time without acknowledgment of tlie debt, the debt will bo presumed satisfied. And a judgment not acknowledged by the debtor; and without any effort on the part of the plaintiff for twenty years to enforce it, will be presumed to be satisfied. (Angell, 24, 25; 2 Story Eq., sec. 1520; 3 Phill. Ev., Cowen & Hill’s Notes, part I, p. 508; 1 Greenl., sec. 39.) In Smith v. Clay, (Ambler, 645,) the rule in relation to analogies is expressed by Lord Camden as follows : “As often as Parliament had limited the time of actions and remedies “ to a certain period in legal proceedings, the Court of Chancery adopted that “ rule and applied it to similar eases in equity. For when the Legislature had “ fixed the time at law it would have been preposterous for equity (which, by “ its own proper authority, always maintained a limitation) to countenance “ laches beyond the period that law had been confined to by Parliament; and, “ therefore, in all cases where the legal right has been barred by Parliament, “ the equitable right to the same thing has been concluded by the same bar.” (DeCordova v. Smith, ante, 129.)
These authorities, from the countless number that might be cited, show the rule pursued by courts in applying the bars of acts of limitations in cases .analogous to those exxiressly provided for by statute.
The question now presents itself, to what statutes are we to look for analogies in attempting to apply the rule? Unquestionably to our own, and not to those of foreign countries. The rule is of universal application. It is not limited to the jurisprudence of any particular nation. Its design and policy is to consolidate and harmonize the entire structure of prescription in the State in whiclrit is applied, and to impress uniformity uiion the periods within which rights, in all cases of a like nature, might be acquired and remedies must be prosecuted.
The beneficence of its operation, when applied with reference to the statutes of other States, has been universally acknowledged. And the reasons which impelled courts elsewhere to respect the analogies of their own laws, and induced them to discountenance laches in cases not provided for beyond the period fixed in similar cases bylaw, impel us with the like cogency to ascertain and be governed by the analogies of our own and not those of the statutes of other States; and the result upon the fabric of our remedial system of procedure will be alike harmonizing and invigorating.
In examining the act of limitations for a subject to which the one under consideration is of a kindred nature, we find a striking analogy between a .judgment without execution or without any diligence at all, and the case before us, in which there was execution or some diligence, but which had long ceased to do any act or make any effort to collect the judgment. In the former case, the failure to take out execution raises such presumption of satisfaction as to drive the party to his suit; and in the latter case, when diligence ceases and a continuous succession of executions is not kept up, the plaintiff is under the like necessity of resorting to his action1. In the former case, the action is by law prescribed within ten years from the date of the judgment; and the plaintiff cannot complain if in the latter his action be circumscribed within the ten years subsequent to the date of his last'execution, or the last effort of legal diligence which he has made towards enforcing his judgment. If the second execution of the plaintiff be allowed any .force, (although it is entitled to none under the decisions of this court,) yet the plaintiff by his *241 ■subsequent laches lost all right to proceed by execution, and more than ten years expired from the date of this execution before the commencement of this action.
Note 78. — Graves v. Hall, 13 T., 370; Riddle v. Bush, 27 T., (175; Langham v. Grigsby, post 493. And the samo limitation applies to judgments of sister States. (Spann v. Ommrnert'ord, 20 T., 210; Allison v. Nash., 10 T., 560, Clay v. Olay, 13 T.. 195.) The lien will be lost if execution is mot issued within twelve mouths, although it is stayed by consent. (Russell v. McCampbell, 29 T., 31)
Under this view of the law there was error in sustaining the exception to the first plea, and for this the judgment must be reversed.""
It may, perhaps, be proper to notice that the second plea is that of payment, and under (his plea, in the common-law system of pleading, evidence of the lapse of time is admissible. In fact, it is not admissible under any other plea, except in cases where payment may be proved under the general issue.
But from the course of the argument it does not appear that the plea of limitation was ruled out on the ground that evidence of the lapse of time was admissible; under the plea of payment, and had this been the case it would have been erroneous. Whatever latitude may be given in the admission of such evidence, yet there cannot be error in alieging'the facts as they exist, and thus apprising ¿lie opposite party that they would be relied upon as a defense.
Tlie consideration of the alleged error in overruling the plea of bankruptcy will be post poned for examination and decision in another cause involving the same question. There being error in the judgment, it is ordered that the same be reversed and the cause remanded. *
Reversed and remanded.