E. C. DeWitt and others v. A. H. Jones and another.

It is not good cause of objection to the revival of a judgment, that execution was issued thereon within twelve months after its rendition, where, by failure to continue the issuance of executions at proper intervals, the judgment has become dormant.

Parties cannot be required to announce themselves ready for trial upon the facts, before the issues of law have been disposed of, in any sense which will preclude the right to amend after the judgment of the Court upon the issues of law; and an announcement of readiness for trial, made before the issues of law have been disposed of, is made subject to the right to amend after the judgment of the Court upon the issues of law.

Where the Court refuses leave to amend, the point should be reserved by bill of exceptions, in which the amendment proposed and the facts upon which the Court acted should be stated.

Where the execution docket showed the entry of credits, by the plaintiff's attorney, as follows, to wit: some time in the year 1849, say Oct. 1st, about, say, $41 05; also in the year 1849, about the 7th of May, say $70; also in 1850, say about the 1st of May, $100; which credits the plaintiff allowed in his petition to revive; and the defendant, in addition to said credits, claimed credits for $50, May 1st, 1849; $20, July 26, 1849; $41 55, Sept. 30th, 1849; $100, April 29th, 1850; and the plaintiff alleged, by amendment, that the credits claimed by the defendant were the same allowed in the petition; at the trial, the defendant having given in evidence the receipts of the plaintiff corresponding to the allegations of the answer, the Court permitted the defendant to prove by the attorney for the plaintiff who made the entry in the execution docket, that the same was made from memory, and that the credits then allowed were the same as shown by the receipts given in evidence by the defendant.

Error from Gonzales. Tried below before the Hon. Fielding Jones.

Suit to revive judgment of A. H. Jones for the use of E. C. Frisbie, against plaintiffs in error. The judgment was rendered April 20th, 1849. The petition alleged the issue and return of execution thereon, and that the last execution was issued May 9th, 1850, and returned Aug. 2nd, 1850. The pe-

tition acknowledged credits as follows : $41 05 paid October 1st, 1849 ; $70 May 7th, 1849 ; $100 May 1st, 1850. The defendants answered by a general demurrer, general denial, and plea of payment May 1st, 1849, as per receipt, $50 ; May 7th, 1849, allowed by plaintiff in his petition, $70 ; July 26th, 1849, as per receipt, $20 ; Sept. 30th, 1849, as per receipt, $41 55 ; Oct. 1st, 1849, as per plaintiffs' statement in petition, $41 05 ; April 29, 1850, as per receipt, $100 ; May 1st, 1850, as allowed by plaintiff in petition, $100 ; May 29th, 1850, as per receipt, $185. Amendments by the plaintiffs alleging that the receipts and payments referred to in defendants' answer are the same that are referred to in the petition, that is to say, that the credit of $70, allowed in the petition, is the identical credit mentioned in defendants' answer, as composed of $50 the 1st of May, 1849, and $20 the 26th of July, 1849 ; and also the credit of $41 55 on the 30th of Sept. 1849, claimed by defendant in his answer, is the identical credit of $40 05, given in the petition ; and that the credit of $100 of the 29th April, 1850, claimed by defendant in his answer, is the identical credit of $100 given in the petition. And the plaintiffs say that the defendants have been allowed, by plaintiff in their petition, all the credits they are entitled to, and if there is any apparent discrepancy between the credits claimed by defendants and those given him by plaintiffs, it arises from the fact that the credits specified in the petition were put on the execution docket by the attorney of the plaintiff, from memory, without the receipts being before him.

At the trial the plaintiff proved the judgment, and then introduced the entries on the execution docket, as follows : the above judgment is entitled to the following credits, to wit : some time in the year 1849, say October 1st, about, say, $41 05 ; also in the year 1849, about the 7th of May, a credit of, say, $70 00 ; also in 1850, say about the 1st of May, a credit of $100.

The defendants then gave in evidence five receipts, corres-

ponding with the allegations in the answer. One dated Sept. 3rd, 1849, for $41 55, was signed by William H. Stewart, attorney for Frisbie; the others were signed by Frisbie himself.

The plaintiffs then introduced Stewart, and asked him to explain that portion of the credits, as read in execution docket, so as to show that they were the identical credits, save the $185, shown by the receipts. Defendant objected to the explaining the times or entries made in the execution docket, by parol testimony, which objection the Court overruled, and defendants excepted. Said witness then stated that he made these entries, himself, between the year 1849 and 1850, from memory; that, from conversation with defendants and plaintiffs, he had no doubt but they were the same as shown in said receipts, except the $185, which payment was made subsequently.

Verdict for the plaintiffs, for the amount due after deducting the credits as shown by the receipts. Motion for new trial overruled, &c.

*Parker & Nichols*, for plaintiffs in error.

*Mills*, for defendants in error.

HEMPHILL, CH. J. This was a suit to revive judgment. The plaintiffs recovered, the defendants appealed and assign that there was error—

1st. In overruling demurrer to the petition.

The demurrer is general, but the ground on which it had been supported in argument is, that execution having issued within twelve months from the date of the judgment, a suit to revive by *scire facias* would not lie; that this right of revival is given by statute only in cases where execution has not issued within one year after the rendition of the judgment. (Hart. Dig. Arts. 1623, 1624 and 2378.) To this it is replied, that though exe-

cution was issued before the lapse of twelve months, and there had been other executions subsequently, yet that more than five years had elapsed between the issue of the last execution and the filing of this suit ; that the judgment, from want of a continuous succession of executions, had become dormant, would not sustain an execution, and that plaintiffs had a right consequently to bring their *scire facias*. The point has been well argued by counsel, and they have referred to authorities in support of their respective views.

Time will not allow us to follow the argument in detail. Suffice it to say, that we assent to the views presented by the counsel for appellee, and that they are in harmony with the previous decisions of this Court. The judgment becomes as dormant by failure to issue executions in the subsequent, as it does in the first year after its rendition ; and the right to revive exists in either case. On the first, it is given by statute ; in the latter, from analogy to the rule prescribed in the statute. Here there was a hiatus of five years, and the presumptions against the judgment are certainly as strong as those which would have arisen had the failure to issue execution been in the first year. (1 Tex. R. 124 ; Id. 514 ; 7 Id. 269 ; 9 Id. 477.)

The second assignment calls in question the refusal of the Court to allow defendants to amend their answer.

The statement of facts represents that the parties announced themselves ready for trial, when the defendants presented their demurrer, against the objections of the plaintiffs, that it was too late ; but it was heard and was overruled by the Court, when defendants asked leave to amend the answer, which was refused because the parties had before announced themselves ready for trial.

If there were no other reason for the refusal of leave to amend, than that announced in the record, there would be error for which the judgment must have been reversed. The prohibition of amendment, after announcement of ready for

trial, must be understood of readiness for trial upon the issues of fact, and not upon the issues of law, which must be first disposed of. (4 Tex. R. 454 ; 10 Id. 520.)

But it does not appear what the amendment was, or its object. It may have been frivolous. It may have required a continuance when, under the circumstances, the parties may not have been entitled to such delay. Under our system of pleading, a defendant is required, in his first answer, to plead all his defences, of law and fact, and he is therefore not entitled to such latitude of amendment as if allowed to demur first, and if overruled, then to plead to the merits. As we cannot determine from the record, whether the amendment was one of substance, or properly admissible at the time and under the circumstances, we are of opinion that the refusal, though for a wrong reason, was not such error as would entitle the defendants to a reversal.

In relation to the other assignments, it is not necessary to say more than that there was no error in allowing the witness to explain the entries of receipts on the execution docket. The entries were evidently made from memory. The exact date is not given, but in this mode : " some time in the year 1849, say October 1st." The presumption would be very strong, that a receipt for about the same amount and nearly of the same date, would be for the identical sum credited on the docket ; and the plaintiffs had a right to show that presumption was in accordance wth the fact.

Judgment affirmed.