### H. B. Thomas v. J. M. Thomas.

(Case No. 1130.  Motion No. 370.)

1. Appeal bond — Misdescription of judgment. — An appeal will be dismissed on motion filed in due time, if the appeal bond misdescribes the judgment and is otherwise informal.

2. Abandonment of appeal — Writ of error. — See the opinion in this case for remarks in regard to the right of the party to abandon an appeal liable to be dismissed for informality, and to prosecute a writ of error to the same term of court.

3. Citation in error — Defects in. — A citation in error which fails to show the date of filing the petition in error, or to show that a supersedeas had been granted, fails to conform to the requirements of the statute, and will be held defective on a motion to dismiss the writ of error.

4. Citation in error — Service of. — The absence of service of the citation in error, no reason being shown why service was not had, is also a sufficient ground for sustaining such motion.

5. Assignment of errors — New assignment not required. — An assignment of errors having been filed in the prosecution of an appeal, afterwards abandoned, and being incorporated in the transcript brought up by writ of error, will answer the requirements of the statute.

Writ of Error to Marion.  This case was tried before W. A. Walker, Esq., elected special judge, in the absence of the Hon. B. T. Estes, but the motion for new trial seems to have been heard before Judge Estes.  The judgment was for the recovery of "eighty feet square in the N. E. corner of certain lots situated in the city of Jefferson, known as block OO in the Ally part of said city," with all the improvements on the same; also for the recovery of $173.33 and costs.  The appeal bond described the judgment as "for the title and possession of the Market House and Opera House at Jefferson, Texas, and for $173 rents and costs," and was conditioned that the appellant "shall prosecute his appeal with effect, and in case the judgment of the appellate court shall be against him, that he shall perform its judgment, sentence and decree, and pay all such damages as said court may award against him."

*H. McKay*, for defendant in error.

*Geo. Todd*, for plaintiff in error.

[The case was disposed of on motion to dismiss.]

Bonner, Associate Justice.— On January 21, 1882, the plaintiff in error recovered against the defendant in error, judgment for certain lands and premises and also for money.  On January 26th, afterwards, and within the time allowed by law, the plaintiff in

error, after motion for new trial and notice of appeal, filed an appeal bond, the appeal had thereunder being returnable to the present term of this court. The appeal bond misdescribes the judgment appealed from and was otherwise informal, and the appeal subject to be dismissed on motion filed in due time.

Subsequently, on February 22d, the plaintiff in error filed petition in error and supersedeas bond, and had citation issued thereon, also returnable to the present term. The case now comes before us on motion to dismiss. The motion is presented in a two-fold aspect: *first*, if the case is presented as one prosecuted by appeal, then to dismiss the appeal for misdescription and informality in the bond above referred to; *second*, if considered as one prosecuted by writ of error, then to dismiss because of the previous appeal and for other grounds stated in the motion.

I. Counsel for plaintiff in error admits that the appeal bond was defective, and states that he prosecutes the case as one brought up on writ of error.

Under the motion of the defendant in error to dismiss the appeal, it does not become necessary to decide how far, had the motion not been made, the appeal, which was subject to be dismissed by such motion, would have been so perfected that the jurisdiction of this court would have so attached that the subsequent writ of error would not lie; or how far, in the event a motion to dismiss for informality in the appeal bond is not made in due time, that an appellant, in anticipation that it might be made, can abandon his appeal and sue out a writ of error. That he could not do this for mere delay, by prosecuting a writ of error returnable to a subsequent term to that to which the appeal would have been, has been decided by this court. Perez *v.* Garza, 52 Tex., 571. The present case, however, differs from that in this: that here both the appeal and writ of error are returnable to the same term, and it is evident that the latter was not sued out for delay.

We do decide, however, in this case, that the motion to dismiss the appeal is well taken; that the same be sustained, and that the case, as one of appeal, be dismissed.

II. Should the motion to dismiss the writ of error be sustained also?

There are several grounds presented in the motion, but it is not considered necessary to pass upon them all. The third is that the citation in error is not sufficient in this: that it does not show the date of the filing of the petition in error, or that any supersedeas was granted, as required by statute.

Under the Revised Statutes, although a petition in error is necessary, yet a copy of it is not required to be served on the defendant in error, but in lieu thereof, a citation; and that this may answer substantially the purposes both of the petition and citation, it is provided that it shall contain certain requisites considered necessary to sufficiently apprise the defendant in error both of the nature of the proceedings and that the requisites of the statute have been complied with. R. S., arts. 1389–1394.

The citation, being intended to supply the place of the petition also, should conform substantially to the statute. Among other things, the statute requires that it shall state the date when the petition in error was filed, and that the writ of error and supersedeas have been granted. R. S., art. 1394.

The citation in the present case fails to contain these essential requisites, and this ground of the motion is sustained.

The fourth, that it does not appear that the citation has been served on the defendant, should be sustained also, as there is no service or acceptance of service in the record, and no reason why the same was not had, or other cause shown why the motion in this particular should not prevail.

The fifth ground of the motion, that no assignment of errors was filed with the proceedings in error or subsequently, is not, under the circumstances of this case, well taken. An assignment had been filed as part of the proceedings on appeal which remained on file and is incorporated into the transcript. This practically answered the requirement of the statute without re-filing it.

For the reasons before stated, the motion to dismiss the case being considered either as an appeal or a writ of error, is sustained and the same dismissed, and it is accordingly so ordered.

DISMISSED.

[Opinion delivered October 19, 1882.]