## No. 2305.

## P. J. WILLIS & BROTHER *v.* E. B. STROUD.

1. LIMITATION OF JUDGMENT.—A judgment is barred by limitation after the expiration of ten years from the date when the last execution thereon issued.

2. SAME—STATUTE CONSTRUED.—The third section of the Act of November 9, 1866 (Paschal's Digest, 7007), which provides that no judgment shall be-

come dormant unless ten years shall have elapsed between the issuance of executions thereon, did not postpone the date from which limitation would begin to run against a revival of the judgment.

3. SAME.—Limitation upon a judgment does not begin to run from the date when it became dormant. Its period of dormancy can have no influence in fixing the date when the statute begins to run.

4. CASES DISTINGUISHED.—This case distinguished from Black v. Epperson, 40 Texas, 163, and DeWitt v. Jones, 17 Texas, 620.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

*G. E. Mann,* for appellants, cited Black v. Epperson, 40 Texas, 182; DeWitt v. Jones, 17 Texas, 622; Trevino v. Stillman, 48 Texas, 566; Hall v. McCormick, 7 Texas, 277; Act of November 19, 1866, given in second volume Paschal's Digest, Article 7007; Freeman on Executions, section 81; McCampbell v. Russell, 29 Texas, 31; Slaughter v. Owens, 60 Texas, 671; Barron v. Thompson, 54 Texas, 243; Paschal's Digest, Article 4608, and volume 2, section 7007; Revised Statutes, Article 3210; North v. Swing, 24 Texas, 193; Hawley v. Bullock, 29 Texas, 216; Masterson v. Cundiff, 58 Texas, 475.

*F. Charles Hume,* for appellee.

WILLIE, CHIEF JUSTICE. The petition, filed September 3, 1885, alleges the recovery by Willis & Brother of a judgment against Stroud in June, 1875, in the district court of Galveston county, and the issuance of an execution thereon during the same month, and that no execution had since been sued out upon said judgment. By special demurrer the defendant set up the lapse of ten years between the issuance of the execution and the commencement of the suit, and that it was barred by limitation. This demurrer was sustained, and the plaintiffs declining to amend, the suit was dismissed. From the judgment dismissing the suit the plaintiffs have appealed to this court.

Our Revised Statutes provide that "a judgment in any court of record within this State, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or action of debt brought thereon within ten years after the date of such judgment, and not after." (Art. 3210.)

This Article is in the same language as that used in the statute

of February 5, 1841, in force at the time this judgment was rendered. That Act, like the present law, made no express provision as to limitation upon a judgment where execution had duly issued; but under the decisions of this court, made during its existence, such a judgment was held barred at the expiration of ten years from the date when the last execution issued thereon. (Fessenden v. Barrett, 9 Texas, 475.) If this rule is to govern the present case, the action was of course barred, it having been commenced more than ten years after the issuance of an execution upon the judgment.

It is, however, urged by the appellants that since the passage of the third section of the Act of November 9, 1866, found in Paschal's Digest, Article 7007, in force when this judgment was obtained, the foregoing rule does not prevail, and a judgment could not be barred under that act until ten years had elapsed from the time it becomes dormant. The foregoing section reads: "No judgment of a court of record shall become dormant unless ten years shall have elapsed between the issuance of executions thereon." The plaintiff's claim is that this law, having postponed the time at which a judgment became dormant to a date later than that fixed by the former law, necessarily postponed the date from which limitation would commence to run against a revival of the judgment.

There would be much force in this idea if limitation upon a judgment necessarily commenced to run from the date when it became dormant. But this is not the rule, either by statute or the decisions of this court. For instance, although a judgment upon which an execution has not issued does not become dormant till the end of one year after it was obtained, yet limitation is made by statute to commence running from the date when it was obtained. Again, a judgment upon which execution has issued did not, under former laws, become dormant till one year had expired from the day when the last execution issued; yet our decisions made limitation to run from the date of the issuance of the last execution, and not from one year thereafter. (DeWitt v. Jones, 17 Texas, 620; Fessenden v. Barrett, supra; Spann v. Cummerford, 20 Texas, 216.)

It is apparent from these citations that the period of dormancy is not taken into consideration in fixing the date when the statute begins to run. There may be reasons why it should be, but these can not prevail against the plain provisions of the statute,

and the equally clear adjudications of the Supreme Court, which have sufficient reasons to support them.

The brief of appellants points us to no decision where it has even been intimated that limitation commences to run from the time a judgment becomes dormant. The case of Black v. Epperson, 40 Texas, 162, does not so hold. The decision is as to the time when a judgment became dormant, and not as to when limitation would bar it; and so as to other cases cited by counsel. DeWitt v. Jones, supra, also fixes the date of dormancy under the old law at the end of one year from issuance of the last execution, but does not say that limitation commences to run from that time. On the contrary, the decisions upon the question of limitation then prevailing and never questioned, made it to commence running from the issuance of the last execution, notwithstanding the judgment did not become dormant for some time thereafter.

We think the same rule should hold in this case, and that more than ten years having expired between the issuance of the last execution and the filing of the petition, the suit was barred.

The court below rendered the proper judgment in the case and it is affirmed.

*Affirmed.*

Opinion delivered March 18, 1887.