## M. J. AND J. W. MILLICAN ET AL. V. H. J. WARE.

### No. 6995.

1. **Judgment When Dormant—Case in Judgment.**—The Act of 1866 in force at the time the judgment was rendered (February 23, 1875) provides, that "no judgment of a court of record shall become dormant unless ten years shall have elapsed between the issuance of executions." This provision was not re-enacted in the Revised Statutes, but judgments existing at the adoption of the Revised Statutes were not affected thereby. Executions on the judgment issued March 8, 1875, May 25, 1875, November 15, 1875, October 19, 1876, June 11, 1883, April 19, 1886. Another execution was issued October 27, 1886, under which a levy and sale of land was made. The sale being attacked, *held,* that the judgment was not dormant at the date of the last execution, and that the levy and sale passed title.

2. **Same—Case Adhered to.**—Masterson v. Cundiff, 58 Texas, 472, adhered to, that a judgment rendered under the act of 1866 touching executions did not become dormant where executions issued within twelve months, until the expiration of ten years between executions, and that such rule is not affected by the Revised Statutes as to judgments then existing.

APPEAL from Comanche.    Tried below before Hon. W. H. CONNOR. No statement is necessary.

*George S. Walton, Walton, Hill & Walton,* and *Cowan & Fisher,* for appellants.—1.   Said Millican judgment of February 23, 1875, was a valid and subsisting judgment on the 19th day of October, 1876 (an execution having been issued and returned within a year from the rendition thereof), and said judgment continued and remained a live, valid, and subsisting judgment for ten complete years from that date, and it was not necessary that plaintiffs (appellants) should cause an execution to issue every twelve months to keep said judgment alive, valid, and subsisting.   Rawls v. Kennedy, 58 Am. Dec., p. 289; Spratt v. Reid, 56 Am. Dec., p. 549; Wynnes' Lessee v. Wynnes, 58 Am. Dec., p. 66; Schleicher v. Markward, 61 Texas, 99; Sayles' Civ. Stats., art. 3160.

2.   The issuance and return of the execution of October 19, 1876, definitely and absolutely fixed the life of said judgment for ten complete years, or to the 19th of October, 1886, and an execution could issue at any time between said dates without proceedings to revive and without issuing executions every twelve months, after the Revised Civil Statutes of 1879 took effect.   Their adoption could not and did not affect the previously determined and fixed rights of the parties to said judgment; and an execution having issued within and between the 19th day of October, 1876, and the 19th day of October, 1886, to-wit, on June 1, 1883, said judgment did not die in October, 1886, nor at any time since, nor will it be dead and barred until June 1, 1893.   Rockwall County v. Kaufman County, 69 Texas, 172; Rev. Stats., p. 333; Gen. Laws 1873, p. 209; Pasch. Dig., p. 617.

*J. A. Ware,* for appellee.

COLLARD, JUDGE, *Section A.*—This suit was brought by the appellee H. J. Ware, against appellants M. J. and J. W. Millican and others, to annul and set aside and forever enjoin further proceedings under a judgment rendered in the District Court of Comanche County, on the 23d of February, 1875, a moneyed judgment in favor of appellants and against appellee and others, and to set aside sales made of appellee's landed property under execution upon the judgment, issued October 27, 1886.   It was contended below by Ware, that at the time the execution issued the judgment was barred by the statute of limitation of ten years; that it was dormant, and could not support an execution.

There is no statement of facts in the record, but there are conclusions of fact and law as filed by the court, to whom the cause was submitted for trial without a jury.   There is a brief on file for appellants, but none for appellee.

There were many issues on the trial below, and the findings of the court are quite lengthy; but it is only necessary for us to notice such as concern this appeal.

The court found, that on the 23d day of February, 1875, in the Comanche County District Court, M. J. and J. W. Millican, husband and wife, recovered judgment against Frank Mathison and the sureties on his injunction bond, H. J. Ware (plaintiff herein), John Carnes, J. V. Townsend, and other sureties, for $6139.42, the judgment being community of Millican and wife. We now copy a part of the findings: "That the following executions and none other have been issued under deed by virtue of said judgment against said Mathison, H. J. Ware, et al., of date February 23, 1875, to-wit: March 8, 1875; May 25, 1875; November 15, 1875; October 19, 1876; June 1, 1883; April 19, 1886; October 27, 1886. That under the executions of 1875 and 1876, proceeds of property of various sureties sold thereunder amounted to some $1600 or $1700, which were credited on said judgment; that the execution of June 1, 1883, was levied upon certain real property in Kinney County, Texas, the value or description of which the proof fails to show, nor is there legal proof to show what become of the property so levied upon under the execution of 1883. However, from the parol testimony of plaintiff and assumption and argument of counsel, it seems that the sale made thereunder was vacated and set aside for reasons not appearing on this trial in the District Court of Kinney County.

"It does not appear that the execution of the 19th of April, 1886, which was issued to Val Verde County, Texas, ever came to the hands of the officer or was ever executed or returned, it being found simply among the papers of the cause without return. The execution of October 27, 1886, was issued to the sheriff or constable of Val Verde County, Texas, for the sum of $6139.42, principal, with interest at the rate of 8 per cent per annum from February 23, 1875, and the further sum of $418.26, cost of suit, with the following credits, to-wit: April 6, 1875, $1605.93; January 15, 1879, $200; July 3, 1883, $150. This writ came to hand of the sheriff of Val Verde County, as shown by sheriff's returns, the 6th day of January, 1887, was levied on the property described in plaintiff's petition, and after twenty days notice the said sheriff on the first Tuesday in February, 1887, sold all of said property to George S. Walton, who was then and there acting for and in behalf of defendants herein, the Millicans, Cowan, Germany, and Walton, for the sum of $1050, which was paid by entering a credit of that sum upon the execution. I further find, that the defendants herein, Cowan, Germany, and Walton, at and prior to the said sale under execution of October 27, 1886, and prior to the issuance of said execution, were part owners of the Millican judgment by reason of transfer or contracts from the Millicans to them; but the terms of which and considerations for which do not appear from the evidence."

The court then finds that certain of the sureties were, for considerations, released from liability on the judgment, but finds as the law on the question, that such releases did not have the effect to discharge plaintiff Ware from liability on the judgment. Other conclusions of law and fact are mentioned, but they need not be now considered, and we do not now pass upon them, approve or disapprove them; but the fourth conclusion of law is material to the issue on appeal, and we give it:

"4. But the court finds that the last act of legal diligence by plaintiffs and owners of said Millican judgment of February 23, 1875, was the issuance of the execution of October 19, 1876; that after the enactment of the Revised Civil Statutes of Texas, in 1879, in order to preserve the vitality of said judgment there should have been issued executions at least every twelve months; and it appearing to the court as a matter of fact that no execution or other legal act of diligence under the Millican judgment was issued or exercised during the years 1880, 1881, and 1882, the court holds that the execution of 1883 and of 1886 herein above mentioned were each issued under and by virtue of a judgment theretofore dormant, and that said judgment will not and can not support the sale of the property described in plaintiff's petition."

The court further holds, that the right to revive the judgment under the facts expired in October, 1886, prior to the 27th day of October, 1886, or at least has now expired, and the court therefore holds that the execution of October 27, 1886, under which the property in controversy was sold, should be quashed, set aside, and annulled, and that the said sale thereunder, and all transfers, deeds, and other conveyances under and by virtue thereof, should be set aside, vacated, and annulled; that all rights, titles, or claims to the property described in plaintiff's petition acquired or set up under said execution of October 27, 1886, and the sale thereunder, should be vacated, cancelled, and held for naught.

Defendants are then perpetually enjoined from proceeding further to collect the judgment against Ware. Defendants excepted to so much of the judge's conclusions of law as held that the judgment was dormant at the time of the issuance of the execution of October 27, 1886, and prior thereto. Judgment was entered according to the court's findings, and defendants have appealed.

The question presented to us is, Was the judgment dormant, as found by the court? The judge in the court below did not base his conclusion of dormancy upon want of diligence or good faith in the use of executions after their issuance, certainly not as to the execution issued in 1883, under which the property was sold, but evidently upon a construction of article 3210 of the Revised Statutes, which took effect on the 1st day of September, 1879, and which provides, that "a judgment in any court of record within this State where execution has not issued

within twelve months after the rendition of the judgment may be revived by scire facias or an action of debt brought thereon within ten years after the date of the judgment, and not after.'' He construed this article to mean, that legal diligence to keep a judgment alive so that it would support an execution required that an execution must issue every successive year after the Act of 1879 went into effect, even when execution issued within the first year after rendition. This construction was given to the Act of 1841, similar to that of 1879. De Witt v. Jones, 17 Texas, 623; Pasch. Dig., art. 4608. But it is questioned, and it may not stand the test when examined under the rules of diligence required at common law. We are not now prepared to say that under the Revised Statutes a judgment could be revived by scire facias in less than ten years between executions, where execution issued on a judgment in the District Court within twelve months from its rendition. However, we are not compelled to decide the question in this case.

The Act of 1866 in force at the time the judgment was rendered provides, that "no judgment of a court of record shall become dormant unless ten years shall have elapsed between the issuance of executions." This provision was not re-enacted in the Revised Statutes, but it does not necessarily follow from this that a different rule was adopted by article 3210 above cited, or that we are now forced to the same construction of it that the Act of 1841 received, unless that construction is the true one at common law. The law of the case at bar is, however, settled for us in the case of Masterson v. Cundiff, 58 Texas, 472. In that case the judgment was rendered on November 24, 1870, when the law of 1866 was in force, as in the case before us. Execution was issued within the first year after its rendition, as in this case, and the last execution issued the first of May, 1873. Suit to revive was filed the 11th of February, 1882—nearly nine years after the last execution, and more than two years after article 3210 of the Revised Statutes went into effect. It was held in that state of the case, that the judgment as such was not dormant, and that scire facias would not lie to revive it; but as the lien was lost under the statute the proceeding could be maintained to revive such lien. Anderson v. Boyd, 64 Texas, 108.

We do not think the judgment in this case was dormant when the execution of date the 27th of October, 1886, was issued and levied, nor was it barred by statute of limitations. Willis v. Stroud, 67 Texas, 517. The judgment will not become dormant until the expiration of ten years from the date of the last execution.

There are many other issues in the case as made in the pleadings and findings of the court below upon which we do not pass, because not presented to us by either party. The question of homestead in part of the property levied on was not decided by the lower court, it may

be because the finding of dormancy of the judgment at the time of the issuance of the execution was deemed conclusive in favor of the plaintiff.

Under the circumstances and condition of the case, we conclude the judgment of the court below should be reversed and the cause remanded for another trial.

*Reversed and remanded.*

Adopted April 12, 1892.

A motion for rehearing was refused.