## W. E. DUPREE ET AL. V. GALE MANUFACTURING COMPANY.

No. 2449.  Decided March 15, 1916.

**1.—Dormant Judgment—Action on—Limitation.**

An action to recover on a dormant judgment on which execution issued within one year from its rendition must be brought within ten years from the last issuance of execution. (Pp. 650-653.)

**2.—Cases Followed.**

Fessenden v. Barrett, 9 Texas, 475; Willis v. Stroud, 67 Texas, 516; Millican v. Ware, 84 Texas, 308; Low v. Felton, 84 Texas, 378; Wilcox v. National Bank, 93 Texas, 322; Stevens v. Stone, 94 Texas, 415, followed. (Pp. 652, 653.)

Error to the Court of Civil Appeals, Third District, in an appeal from McLennan County.

The appellate court reversed and rendered a judgment for defendants in an action by the Gale Manufacturing Company against Dupree and others on the plaintiff's appeal. Defendants then obtained writ of

error. Upon other issues, the application of the Gale Manufacturing Company for writ of error was refused.

*Sleeper, Boynton & Kendall,* for plaintiffs in error.—No recovery was sought or prayed for against defendant W. E. Dupree on said judgment as a moneyed demand until plaintiff filed its third amended original petition on January 15, 1910, more than ten years after said judgment was rendered (June 21, 1897), and execution issued thereon, and at the time said third amended original petition was filed plaintiff's right to recover on said judgment against defendant W. E. Dupree was barred by the statute of ten years limitation, which was pleaded by defendant W. E. Dupree against such recovery. Willis v. Stroud, 67 Texas, 518; Millican v. Ware, 84 Texas, 308; Low v. Felton, 84 Texas, 378; Wilcox v. Bank, 93 Texas, 322; Fessenden v. Barrett, 9 Texas, 480; Graves v. Hall, 13 Texas, 379; Austin v. Reynolds, 13 Texas, 544.

*H. C. Lindsey,* for defendant in error.—The court erred in not giving judgment in favor of plaintiff against W. E. Dupree on the original judgment, because such original judgment had been rendered against him, and the statute of limitation had not barred it when the original petition in this case was filed. Rev. Stats. of Texas, 1895, art. 3361; Cole v. Terrell, 71 Texas, 549, 9 S. W., 668; Stevens v. Stone, 94 Texas, 415, 60 S. W., 959; Gaines v. Bank, 64 Texas, 21; Wilcox v. First Nat. Bank, 93 Texas, 322, 55 S. W., 317; Hull v. Naumburg, 1 Texas Civ. App., 132, 20 S. W., 1125.

Mr. Chief Justice PHILLIPS delivered the opinion of the court.

The Gale Manufacturing Company recovered a judgment against W. E. Dupree in the District Court of McLennan County on June 21, 1897. An execution issued on the judgment within a year being the only execution upon the judgment. After more than ten years from the issuance of the execution, but within fourteen years from that date, recovery upon the judgment was sought by the plaintiff in the present case, which action the trial court held was barred by the ten years statute of limitation. On the appeal it was held by the honorable Court of Civil Appeals for the Third District that the action was not barred, since it was brought within four years from the date the judgment became dormant. Its holding, in other words, is that the cause of action upon the judgment did not accrue until it was dormant, and the limitation applicable is that prescribed by the four years statute, article 5690.

The question is not a new one. It was determined in Willis v. Stroud, 67 Texas, 516, 3 S. W., 732, following Fessenden v. Barrett, 9 Texas, 475. But it is announced in the opinion of the Court of Civil Appeals that it declines to follow these decisions.

We have never had a statute, and have none now, expressly prescribing the period of limitation for an action to revive a judgment upon

which an execution has duly issued. The only statute upon the subject relates to judgments upon which execution has not so issued. It was enacted at an early day, in 1841, being present article 5696, and reads:

"A judgment in any court of record within this State, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after the date of such judgment, and not after."

Such was the state of the statutory law when in Barrett v. Fessenden the court was confronted with the question as to what period of limitation should be applied to a proceeding to revive a judgment where execution had been duly issued. Making use of the principle that where a statute has fixed a bar to one action in a particular case, the remedy in analogous cases, not provided for by statute, should be restricted to the same period, it was there held,—and the correctness of the holding is, in our opinion, not open to question,—that the period of limitation should be the same as that declared in the existing statute for the exercise of the same remedy in respect to judgments upon which execution had not issued, that is, ten years, to be reckoned from the date of the issuance of the last execution,—the last act of legal diligence for the enforcement of the judgment. It was not recognized that the running of limitation in such cases was to be postponed until the judgment should become dormant. Nor in the decision of the question was the consideration that, in a technical sense, a cause of action for the revival of a judgment does not arise until it is dormant, allowed any force. The statute expressly relating to judgments upon which no execution had issued, which it was held should, by analogy, furnish the rule, put limitation in motion, as it does now, though the judgment was in full force; and in adopting its period for the rule, the time for the commencement of the limitation was fixed likewise without regard to whether the judgment was then dormant.

In Willis v. Stroud the question was again presented and decided, the opinion being delivered by Chief Justice Willie. Notwithstanding the four years general statute of limitation, now article 5690, was then in force, as was also the Act of November 9, 1866, which extended the period within which a judgment should not become dormant after the issuance of execution, from one year, as was the provision of the early laws, to ten years (Wilcox v. National Bank, 93 Texas, 333, 55 S. W., 317), which latter Act was urged in the argument as a reason for abandoning the rule announced in Barrett v. Fessenden, the rule was reaffirmed. After quoting the statute, now article 5696, above set out, the opinion reads:

"This article is in the same language as that used in the statute of February 5, 1841, in force at the time this judgment was rendered. That Act, like the present law, made no express provision as to limitation upon a judgment where execution had duly issued; but under the decisions of this court, made during its existence, such a judgment

was held barred at the expiration of ten years from the date when the last execution issued thereon. (Fessenden v. Barrett, 9 Texas, 475.)"

Meeting the contention that, as applied to an action to revive a judgment, limitation does not commence to run until the judgment becomes dormant, this is also said:

"It is, however, urged by the appellants that since the passage of the third section of the Act of November 9, 1866, found in Paschal's Digest, article 7007, in force when this judgment was obtained, the foregoing rule does not prevail, and a judgment could not be barred under that Act until ten years had elapsed from the time it becomes dormant. The foregoing section reads: 'No judgment of a court of record shall become dormant unless ten years shall have elapsed between the issuance of executions thereon.' The plaintiff's claim is that this law, having postponed the time at which a judgment became dormant to a date later than that fixed by the former law, necessarily postponed the date from which limitation would commence to run against a revival of the judgment.

"There would be much force in this idea if limitation upon a judgment necessarily commenced to run from the date when it became dormant. But this is not the rule, either by statute or the decisions of this court. For instance, although a judgment upon which an execution has not issued does not become dormant till the end of one year after it was obtained, yet limitation is made by statute to commence running from the date when it was obtained. Again, a judgment upon which execution has issued did not, under former laws, become dormant till one year had expired from the day when the last execution issued; yet our decisions made limitation to run from the date of the issuance of the last execution, and not from one year thereafter. (DeWitt v. Jones, 17 Texas, 620; Fessenden v. Barrett, supra; Spann v. Crummerford, 20 Texas, 216.)

"It is apparent from these citations that the period of dormancy is not taken into consideration in fixing the date when the statute begins to run. There may be reasons why it should be, but these can not prevail against the plain provisions of the statute, and the equally clear adjudications of the Supreme Court which have sufficient reasons to support them."

Through Chief Justice Gaines the holding in Fessenden v. Barrett was again affirmed in Wilcox v. National Bank, in this language:

"The limitation is express where execution has not issued within twelve months; but where execution has so issued no period of limitation is expressly prescribed. But no reason is seen why the Legislature should prescribe a limitation in the one case and not in the other; and, therefore, it has been repeatedly held that where execution has been sued out within twelve months from the date of a judgment, an action upon it will not be barred until the lapse of ten years from the date of the last execution or the last act of diligence. Fessenden v.

Barrett, 9 Texas, 475; Willis v. Stroud, 57 Texas, 516, 3 S. W., 732; Low v. Felton, 84 Texas, 378, 19 S. W., 693."

Willis v. Stroud was decided in 1887. With the knowledge that by the decision the statute now constituting article 5696 was held as also furnishing the rule of limitation where an execution had duly issued upon the judgment, the Legislature, in the two subsequent revisions of the general statutes, has re-enacted it without change. By no legislation upon the particular subject has a different statutory rule been provided. The holding has stood unquestioned in the decisions of this court and has been repeatedly followed. Millican v. Ware, 84 Texas, 308, 19 S. W., 475; Low v. Felton, 84 Texas, 378, 19 S. W., 693; Wilcox v. National Bank, 93 Texas, 322, 55 S. W., 317; Stevens v. Stone, 94 Texas, 415, 86 Am. St., 861, 60 S. W., 959. Beginning with Fessenden v. Barrett, for more than sixty years it has been the law of the State upon the question. We are satisfied with it and again re-affirm it.

In so far as it revived the judgment in question, the judgment of the Court of Civil Appeals is reversed, and the judgment of the District Court is fully affirmed.

*Reversed and judgment of District Court affirmed.*