## GILLAM v. MATTHEWS.
### No. 13829.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 11, 1938.

Rehearing Denied Dec. 9, 1938.

McCart & Curtis, of Fort Worth, for appellant.

Byron Mathews, of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

This suit was an action of debt, to recover the amount of a judgment, rendered on February 5, 1924, in favor of O. C. Gilbert, for the use and benefit of the U. S. Realty Company, against C. E. Matthews and J. C. Gray, for the sum of $5,684, with six per cent interest thereon from date, and court costs, which has never been satisfied. The suit was instituted by E. O. Gillam, as assignee and owner of that judgment, against C. E. Matthews alone, on allegations that the whereabouts of J. C. Gray are unknown. That judgment became final upon its rendition, and no appeal was ever prosecuted therefrom, and no execution was ever issued thereon.

This suit was filed in the 48th District Court on October 21, 1937, which was

more than 13 years and six months after the date of the judgment.

■ While the judgment sought to be revived was rendered by the District Court of the 17th district, the 48th District Court had jurisdiction to determine it, because of its jurisdiction over C. E. Matthews, who resides in Tarrant County.

The defendant, C. E. Matthews, answered the suit by special exceptions to the plaintiff's petition, because it showed on its face that the former judgment, upon which suit is based, was dormant and barred by limitation; also a general denial and a special answer, pleading a bar of limitation for the lack of issuance of execution on the former judgment.

The case was tried before the court without a jury, upon an agreed statement of facts, which recites the facts above noted.

Upon the conclusion of the hearing, judgment was rendered, denying plaintiff any recovery, and he has prosecuted this appeal.

Whether or not plaintiff's suit was barred by the limitation period fixed by Art. 5532, R.C.S., is the controlling question to be determined on this appeal. That article of the statute is as follows: "A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after date of such judgment, and not after."

It is appellant's contention that Art. 3773, R.C.S., enacted in the year 1933, as an amendment of the same article, theretofore enacted in 1895, Vernon's Ann.Civ. St. Art. 3773, operated as a repeal of Art. 5532. That article reads as follows:

"If no execution is issued within ten years after the rendition of a judgment in any court of record, the judgment shall become dormant and no execution shall issue thereon unless such judgment be revived. If the first execution has issued within the ten years, the judgment shall not become dormant, unless ten years shall have elapsed between the issuance of executions thereon, and execution may issue at any time within ten years after the issuance of the preceding execution."

Before that amendment, the article read as follows: "If no execution is issued within twelve months after the rendition of a judgment in any court of record, the judgment shall become dormant and no execution shall issue thereon unless such judgment be revived. If the first execution has issued within the twelve months, the judgment shall not become dormant, unless ten years shall have elapsed between the issuance of executions thereon, and execution may issue at any time within ten years after the issuance of the preceding execution."

■ The general rule is, an Act of the Legislature, which clearly and manifestly conflicts with a former law, to such an extent that both cannot be enforced, operates as a repeal of the former statute, by necessary implication, even in the absence of a repealing clause. 39 Tex.Jur., par. 73, p. 137.

39 Tex.Jur., par. 77, p. 143, reads as follows: "The doctrine of implied repeal may not be invoked merely because there is some difference, discrepancy, inconsistency or repugnancy between earlier and later legislation. In such case the court will endeavor to harmonize and reconcile the various provisions, and if both acts can stand together, the rule is to let them stand. Even though two acts or provisions relate to the same subject, the prior one will not be held to be impliedly repealed by the subsequent one unless there is an absolute, irreconcilable or necessary conflict; an irreconcilable or unavoidable inconsistency; or a clear, irreconcilable, necessary, positive or unavoidable repugnancy between the two, so that both statutes cannot stand. If there is no such inconsistency or repugnancy, the two may co-exist and there is no implied repeal."

39 Tex.Jur., par. 76, p. 142, reads as follows: "There can be a repeal by implication only when two acts or statutory provisions are in pari materia, that is, when they treat of the same matters or their subject and object are the same. Although the two may refer to the same subject, both will stand unless their objects are the same or unless there is some irreconcilable conflict upon the specific subject."

A multitude of decisions are cited in support of those announcements.

■ Only the first sentence in Art. 3773, relating to a judgment on which execution has not been issued, is pertinent here; and it is our conclusion that it does not by implication repeal Art. 5532, for the following reasons: The two statutes are not in pari materia, since Art. 3773

relates only to dormancy of the judgment and execution thereon, while Art. 5532 is a statute authorizing revival of a judgment, and is the only statutory authority therefor. The first provision of Art. 3773 is not operative unless the judgment is revived, as is true of Art. 5532. But it fixes no time within which the judgment may be revived, while Art. 5532 fixes a period of ten years within which a suit for revival or for debt brought thereon may be instituted, and not thereafter. Art. 5532 implies that a judgment becomes dormant if execution is not issued within twelve months after its rendition. By the first provision of Art. 3773, a judgment on which no execution is issued does not become dormant until ten years after its rendition. But that difference does not render nugatory the provision in Art. 5532, that an action to revive or for debt must be brought thereon within ten years after date of rendition of the judgment and not thereafter. Both those statutory provisions may be given effect.

■ Appellant's contention is that limitation did not begin to run until the former judgment became dormant and that under the first provision of Art. 3773 it did not become dormant until ten years after the date of its rendition, which was only about three and one-half years prior to the institution of the suit. That contention must be overruled, because it is definitely settled by the decisions of our Supreme Court that the ten year period of limitation began to run when the former judgment was rendered.

Willis v. Stroud, 67 Tex. 516, 3 S.W. 732, was a suit to revive a former judgment on which execution had been issued, during the same month of its rendition. The former judgment was rendered in June, 1875, and the suit thereon was filed September 3rd, 1885, which was approximately 10 years and three months after its rendition. By exception to the petition, defendant invoked the defense of ten years limitation, elapsing between issuance of the execution and the date the suit was instituted to revive it, under Art. 3210, now Art. 5532. That defense was sustained by the trial court and the judgment affirmed by the Supreme Court. After copying Art. 3210, Rev.St., which is the same as the present Art. 5532, the court said:

"This article is in the same language as that used in the statute of February 5, 1841, in force at the time this judgment was rendered. That act, like the present law, made no express provision as to limitation upon a judgment where execution had duly issued; but, under the decisions of this court made during its existence, such a judgment was held barred at the expiration of 10 years from the date when the last execution issued thereon. Fessenden v. Barrett, 9 Tex. 475. If this rule is to govern the present case, the action is of course barred, it having been commenced more than 10 years after the issuance of an execution upon the judgment.

"It is, however, urged by the appellants that since the passage of the third section of the act of November 9, 1866, found in Paschal's Digest, (Article 7007,) in force when the judgment was obtained, the foregoing rule does not prevail, and a judgment could not be barred under that act until 10 years had elapsed from the time it became dormant. The foregoing section reads: 'No judgment of a court of record shall become dormant unless 10 years shall have elapsed between the issuance of execution thereon.' The plaintiffs' claim is that this law, having postponed the time at which a judgment became dormant to a date later than that fixed by the former law, necessarily postponed the date from which limitation would commence to run against a revival of the judgment.

"There would be much force in this idea if limitation upon a judgment necessarily commenced to run from the date when it became dormant. But this is not the rule either by statute or the decisions of this court. For instance, although a judgment upon which an execution has not issued does not become dormant till the end of one year after it was obtained, yet limitation is made by statute to commence running from the date when it was obtained. Again, a judgment upon which execution has issued did not, under former laws, become dormant until one year had expired from the day when the last execution issued, yet our decisions made limitation to run from the date of the issuance of the last execution, and not from one year thereafter. DeWitt v. Jones, 17 Tex. 620; Fessenden v. Barrett, supra; Spann v. Crummerford, 20 Tex. 216.

"It is apparent from these citations that the period of dormancy is not taken into consideration in fixing the date when the statute begins to run. There may be reasons why it should be, but these can

not prevail against the plain provisions of the statute, and the equally clear adjudications of the supreme court, which have sufficient reasons to support them.

"The brief of appellants points us to no decision where it has even been intimated that limitation commences to run from the time a judgment becomes dormant. The case of Black v. Epperson, 40 Tex. 162, does not so hold. The decision is as to the time when a judgment became dormant, and not as to when limitation would bar it; and so as to other cases cited by counsel. DeWitt v. Jones, supra, also fixes the date of dormancy under the old law at the end of one year from issuance of the last execution, but does not say that limitation commences to run from that time. On the contrary, the decisions upon the question of limitation then prevailing, and never questioned, made it to commence running from the issuance of the last execution, notwithstanding the judgment did not become dormant for some time thereafter.

"We think the same rule should hold in this case, and that, more than 10 years having expired between the issuance of the last execution and the filing of the petition, the suit was barred."

The holding there made that the period of dormancy is not taken into consideration in fixing the date when that statute begins to run, but that the period of limitation runs from the date of the judgment rather than from the time it becomes dormant, has become a fixed rule of decision of that court. Although the right to revive a judgment on which execution has issued is not expressly given by Art. 5532, yet under former decisions referred to in that opinion and others of later date, that right is accorded by analogy, in the absence of any reason for giving it when no execution is issued on the judgment and denying it when execution has been issued. Wilcox v. First Nat. Bank, 93 Tex. 322, 55 S.W. 317. Accordingly, the ten year period of limitation prescribed in Art. 5532 is applied when execution has been issued on the judgment sought to be revived, and is made to run from the date of the issuance of the execution. That decision has been followed in several other decisions by this same court, such as Wilcox v. First Nat. Bank, supra; Stevens v. Stone, 94 Tex. 415, 60 S.W. 959, 86 Am.St.Rep. 861; Dupree v. Gale Mfg. Co., 107 Tex. 649, 184 S.W. 184, with express approval of the holding in that case as to when the ten year period of limitation, fixed by Art. 5532, begins to run.

In Koenig v. Marti, Tex.Civ.App., 103 S.W.2d 1023, in which writ of error was dismissed by our Supreme Court, this was said, in the opinion written by Justice Speer [page 1025]: "Article 5532, Rev. Civ. Statutes, provides that where execution has not issued within twelve months after the rendition of a judgment, it may be revived in either of two ways, that is, by scire facias or by action of debt thereon. These remedies must be enforced within ten years from the date of the judgment."

As shown above, the instant suit was instituted thirteen years and six months after date of the former judgment, on which no execution was ever issued, and therefore was barred by the ten year period of limitation, fixed by Art. 5532.

Accordingly, the judgment of the trial court is affirmed.