Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellants.

Kilgore & Rogers, of Wichita Falls, for appellee.

DUNKLIN, Chief Justice.

This is a scire facias proceeding, instituted by J. W. Mingus and wife against G. E. Kadane, to revive a judgment rendered against him. The defense of ten years limitation pleaded by the defendant. was sustained.

Plaintiffs have appealed from that ruling, and the merits of that defense is the only question involved here. The trial was. upon an agreed statement which shows the. following:

The judgment which plaintiffs prayed be revived was recovered by Charles O. Austin, as Commissioner of Banking, in the State of Texas, against G. E. Kadane, on June 13th, 1925, for the sum of $11,000, with interest thereon at the rate of six per cent per annum from January 9th, 1924, and costs of suit, no part of which has been paid; and the same is now owned by plaintiffs. Execution was issued on the judgment on July 8th, 1925, and was returned. nulla bona on the same day. No further execution has ever been issued. This suit to revive the judgment was instituted on.

## MINGUS et ux. v. KADANE.

### No. 13867.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 17, 1939.

Rehearing Denied March 10, 1939.

March 16th, 1938, which was 12 years, 8 months and 8 days after issuance and return of the execution.

Article 5532, Rev.Civ.St. reads: "A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after date of such judgment, and not after."

 While that statute does not fix a period of limitation of a scire facias proceeding to revive, if an execution has been issued and returned nulla bona, yet according to a settled rule of decisions of our Supreme Court, if execution has been issued on a judgment and returned not satisfied, a scire facias proceeding to revive it may be instituted within ten years after the issuance of the last execution, but not thereafter. The period so fixed by the decisions is by analogy in the absence of some other applicable statute of limitation, since no reason can be perceived why the same period fixed by Art. 5532 should not apply and begin with the date of the last execution, as well as when no execution has been issued.

Willis v. Stroud, 67 Tex. 516, 3 S.W. 732, and decisions there cited; Wilcox v. First National Bank, 93 Tex. 322, 55 S.W. 317; Stevens v. Stone, 94 Tex. 415, 60 S. W. 959, 86 Am.St.Rep. 861; Dupree v. Gale Manufacturing Co., 107 Tex. 649, 184 S.W. 184, and decisions cited.

Article 3773, as amended by the 43rd Legislature, in 1933, c. 144, Vernon's Ann.Civ. St. art. 3773, reads: "If no execution is issued within ten years after the rendition of a judgment in any court of record, the judgment shall become dormant and no execution shall issue thereon unless such judgment be revived. If the first execution has issued within the ten years, the judgment shall not become dormant, unless ten years shall have elapsed between the issuance of executions thereon, and execution may issue at any time within ten years after the issuance of the preceding execution."

 It is appellee's contention that there is a conflict between that statute and Art. 5532, with respect to the bar of limitation of a scire facias proceeding to revive a judgment on which execution has been issued within ten years after its rendition, and therefore Art. 3773, which is a later

statute, should control, even in the absence of a repealing clause in the later statute, citing many authorities in accord with the following announcement of the general rule in 59 C.J., p. 910: "Where two legislative acts are repugnant to, or in conflict with, each other, the one last passed, being the latest expression of the legislative will, will, although it contains no repealing clause, govern, control, or prevail, so as to supersede and impliedly repeal the earlier act to the extent of the repugnancy."

 It is argued that the cause of action for revival did not accrue until the judgment became dormant, and that the four year period of limitation fixed by Art. 5529, Rev.Civ.St., is the only statute of limitation applicable thereto, and that the judgment did not become dormant until ten years after issuance of the execution because under provision of Art. 3773, another execution could have been issued within that ten year period.

A sufficient answer to that argument is found in the opinion in Willis v. Stroud, 67 Tex. 516, 3 S.W. 732, 733, reading:

"The plaintiffs' claim is that this law, having postponed the time at which a judgment became dormant to a date later than that fixed by the former law, necessarily postponed the date from which limitation would commence to run against a revival of the judgment. There would be much force in this idea if limitation upon a judgment necessarily commenced to run from the date when it became dormant. But this is not the rule either by statute or the decisions of this court. For instance, although a judgment upon which an execution has not issued does not become dormant till the end of one year after it was obtained, yet limitation is made by statute to commence running from the date when it was obtained. Again, a judgment upon which execution has issued did not, under former laws, become dormant until one year had expired from the day when the last execution issued, yet our decisions made limitation to run from the date of the issuance of the last execution, and not from one year thereafter. DeWitt v. Jones, 17 Tex. 620; Fessenden v. Barrett, supra [9 Tex. 475]; Spann v. Crummerford, 20 Tex. 216.

"It is apparent from these citations that the period of dormancy is not taken into consideration in fixing the date when the statute begins to run. There may be rea-

632

sons why it should be, but these cannot prevail against the plain provisions of the statute, and the equally clear adjudications of the supreme court, which have sufficient reasons to support them."

That holding has been followed in other cases cited above. To a like effect are the following decisions: Koenig v. Marti, Tex. Civ.App., 103 S.W.2d 1023, opinion of Justice Speer of this court, writ dismissed; Graham v. Letot, Tex.Civ.App., 103 S.W. 2d 1031, by Dallas Court of Appeals, writ of error dismissed; Oakwood State Bank v. Durham, Tex.Civ.App., 21 S.W.2d 586, writ of error dismissed; Gillam v. Matthews, 122 S.W.2d 348, by this court, writ of error dismissed.

·Under the authorities noted, all assignments of error are overruled, and the judgment is affirmed.