F. J. ZUMMO (ZUMMO PACKING COMPANY) V. C. H. COTHAM.

No. 7699. Decided October 29, 1941.
(155 S. W., 2d Series, 600.)

518

*David E. O'Fiel,* of Beaumont, for plaintiff in error.

Article 3773, as amended by the 43rd Legislature, page 369, having been enacted subsequent to Article 5532, and providing in substance "that if no execution is issued within ten years after the date of rendition of the judgment, such judgment shall become dormant and no execution shall issue thereon, unless the judgment be revived" repeals the earlier Article 5532 which provided a judgment upon which no execution is issued within twelve months after the rendition of the judgment may be revived by scire facias or an action for debt brought thereon within ten years after the date of such judgment and not thereafter, and petitioner was entitled to his action of scire facias, as prayed for. Spiller v. Hollinger, 148 S. W. 338; Gale Mfg. Co. v. Dupree, 146 S. W. 1048; Texas & Pac. Ry. Co. v. Moseley, 124 S. W. 90.

*Shivers & Keith,* of Port Arthur, for defendant in error.

An action to revive a judgment must be brought within ten years after the date of the judgment. Commerce Trust Company v. Ramp, 135 Texas 84, 138 S. W. (2d) 531; Gartin v. Ferguson, 144 S. W. (2d) 1114; Cotten v. Stanford, 147 S. W. (2d) 930.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is a scire facias proceeding, instituted on January 3, 1939, in the County Court at Law of Jefferson County, to revive a judgment rendered by that court on April 10, 1928. The judgment was for the sum of $433.05, and no execution has ever been issued thereon. The trial court ruled that the present proceeding is barred by limitation as provided by Article 5532 of the Revised Statutes, and, basing its action on that ruling, the court rendered judgment against the peti-

tioner. The latter appealed and the Court of Civil Appeals affirmed the judgment of the trial court. 135 S. W. (2d) 177. The case is now before us on writ of error.

Article 5532 of the Revised Statutes reads as follows:

"A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after date of such judgment, and not after."

It is argued that the above article was impliedly repealed by the passage, in the year 1933, of the act amending Article 3773 of the Revised Statutes of 1925. (See Acts of 1933, Chapter 144, page 369). This last mentioned Act so far as relevant, reads as follows:

"Art. 3773. If no execution is issued within ten years after the rendition of a judgment in any court of record, the judgment shall become dormant and no execution shall issue thereon unless such judgment be revived. If the first execution has issued within the ten years, the judgment shall not become dormant, unless ten years shall have elapsed between the issuance of executions thereon, and execution may issue at any time within ten years after the issuance of the preceding execution."

The contention is made that, because the first clause of this later statute has effect to postpone the dormancy state of a judgment until ten years have elapsed after its date, the clause conflicts with (and therefore impliedly repeals) the ten year limitation provision of Article 5532. The contention is overruled. Its essential basis is the false assumption that necessarily a judgment must become dormant before a limitation statute begins to run. The fallacy of this assumption is exposed in Willis v. Stroud, 67 Texas 516, 3 S. W. 732, and in Dupree v. Gale Mfg. Co., 107 Texas 649.

Article 5532 relates to renewing a judgment by a proceeding in court. In express terms, the right of action is given to the judgment creditor, and the means and the condition for the exercise of the right are prescribed. *Dormancy of the judgment is not named as the condition.* That the provisions of this statute are entirely consistent with those of Article 3773 is aptly

pointed ·out in General American Life Ins. Co. v. Ramp, 135 Texas 84, 138 S. W. (2d) 531. Speaking for the court, in reference to Article 5532, Judge German said this:

"This statute does not pertain to a judgment creditor's right of enforcement, or the matter of keeping his judgment alive. He has a simple · and inexpensive remedy in that regard and may prolong the life of the judgment indefinitely by merely having execution timely issued as provided in Article 3773."

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court October 29, 1941.