## ZUMMO PACKING CO. v. COTHAM.

### No. 3574.

Court of Civil Appeals of Texas. Beaumont.

Dec. 13, 1939.

Rehearing Denied Dec. 20, 1939.

David E. O'Fiel, of Beaumont, for appellant.

Shivers & Keith, of Port Arthur (Brockman Horne, of Port Arthur, of counsel), for appellee.

O'QUINN, Justice.

On April 10, 1928, Zummo Packing Company recovered a judgment against C. H. Cotham, in the County Court at Law of Jefferson County, for $433.05 with interest at the rate of six per cent per annum from January 1, 1927, until paid. January 3, 1939, F. J. Zummo, claiming to be the owner of said judgment by due assignment and transfer to him, filed this action in said county court to revive said judgment, alleging that the judgment was a valid and subsisting demand, that the judgment was unsatisfied, and that no execution had been issued on same within ten years from the date of its rendition.

Defendant Cotham answered by general demurrer, special demurrer to the effect that the plaintiff's petition showed on its face that the right to revive the judgment was barred by the ten year statute of limitation. He further answered by general denial, and specially that the right to revive the judgment was barred by Article 5532, R.S.1925, pleading the facts as above set out. The answer was duly verified.

The case was tried to the court without a jury, upon an agreed statement of facts, which recites the facts above noted. Judgment was rendered denying a revival of the judgment. From that order appellant prosecutes this appeal.

■■ Whether or not plaintiff's right to have the judgment revived was barred by the limitation period fixed by Article 5532, R.S.1925, is the only question presented. Said article provides that "A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after date of such judgment, and not after."

Appellant insists that Article 3773, R. S.1925, enacted in 1933, Vernon's Ann.Civ.

St. art. 3773, operated as a repeal of Article 5532. That article reads: "If no execution is issued within ten years after the rendition of a judgment in any court of record, the judgment shall become dormant and no execution shall issue thereon unless such judgment be revived. If the first execution has issued within ten years, the judgment shall not become dormant, unless ten years shall have elapsed between the issuance of executions thereon, and execution may issue at any time within ten years after the issuance of the preceding execution."

In Gillam v. Matthews, Tex.Civ.App., 122 S.W.2d 348, and again in Mingus v. Kadane, Tex.Civ.App., 125 S.W.2d 630, this identical question was before the court, and appellant's contention overruled. In each of these cases, application for writ of error was dismissed. On the authority of the cited cases, the judgment must be affirmed, and it is so ordered.

Affirmed.