1114

## GARTIN v. FURGESON.

### No. 5225.

Court of Civil Appeals of Texas. Amarillo.

Nov. 18, 1940.

Ronald Smallwood, of Lubbock, for plaintiff in error.

McWhorter & Howard, of Lubbock, for defendant in error.

JACKSON, Chief Justice.

The record discloses that Mrs. J. B. Gartin on the 19th day of February, 1929, at a regular term of the District Court of Lubbock County, Texas, in Cause No. 3584, recovered a judgment against W. W. Furgeson for the sum of $718.02 with interest thereon at the rate of 10% per annum from date and costs in the sum of $8.20. Thereafter on March 26, 1929, Mrs. Gartin had execution issued on the judgment and the writ delivered to the sheriff of Lubbock County, Texas, who on the same day returned the execution unsatisfied. W. W. Furgeson paid Mrs. Gartin $125, which was credited on the judgment, but no alias execution was ever issued and on the 26th day of March, 1939, ten years had elapsed since the issuance of the first execution, March 26, 1929.

On the 25th day of July, 1939, more than ten years after any execution was issued, Mrs. J. B. Gartin as plaintiff instituted this suit against W. W. Furgeson as defendant to have her judgment revived against him for the amount of $1,319.24.

The defendant answered by general demurrer, general denial, and pleaded that more than ten years immediately preceding the institution of this suit had elapsed since the issuance of execution on the judgment; that the judgment had long ceased to be valid and was of no force and effect because barred by the statute of ten years limitation.

The case was tried before the court without the intervention of a jury and he found in favor of the plea of limitation and rendered judgment that plaintiff take nothing by her suit from which as plaintiff in error she prosecutes this appeal.

There is no controversy on the facts, and the only question for determination is whether or not limitation had barred the right of plaintiff in error to have her judgment revived after ten years had elapsed since the execution was issued.

Article 3773 of Vernon's Annotated Civil Statutes, as amended by the Acts of 1933, provides: "If no execution is issued within ten years after the rendition of a judgment in any court of record, the judgment shall become dormant and no execution shall issue thereon unless such judgment be revived. If the first execution has issued within the ten years, the judgment shall not become dormant, unless ten years shall have elapsed between the issuance of executions thereon, and execution may issue at any time within ten years after the issuance of the preceding execution." This article provides a simple and inexpensive remedy for extending the life of a judgment indefinitely by having executions is-

sued as provided therein. Article 5532, hereafter considered, furnishes an additional remedy which authorizes the judgment holder at any time within ten years to revive a judgment from its dormancy. Commerce Trust Co. v. Ramp, Tex.Com. App., 138 S.W.2d 531.

Had plaintiff in error secured the issuance of an alias writ within ten years after the issuance and return of the first execution, the running of the statute of limitation would have been thereby interrupted and the judgment prevented from becoming barred for a period of ten years from the issuance of the alias writ. Grissom et al. v. F. W. Heitmann Co. et al., Tex.Civ.App., 130 S.W.2d 1054.

Article 5532 of Vernon's Annotated Civil Statutes provides: "A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after date of such judgment, and not after."

In P. J. Willis & Brother v. E. B. Stroud, 67 Tex. 516, 3 S.W. 732, the court held that the judgment of a court is barred by the statute of limitation after ten years have expired from the date that the last execution thereon was issued and that the period of dormancy has no effect on fixing the date when the statute begins to run.

See also M. J. and J. W. Millican et al. v. H. J. Ware, 84 Tex. 308, 19 S.W. 475.

In Mingus et ux. v. Kadane, Tex.Civ. App., 125 S.W.2d 630, the court holds that if execution has issued on a judgment and been returned not satisfied a scire facias proceeding to revive the judgment may be instituted within ten years after the issuance of the last execution but not afterward.

To the same effect is the holding in Gillam v. Matthews, Tex.Civ.App., 122 S. W.2d 348; Zummo Packing Co. v. Cotham, Tex.Civ.App., 135 S.W.2d 177.

In view of the failure of plaintiff in error to have an alias execution issued within ten years from March 26, 1929, when execution was first issued and her failure to institute a suit within that time to revive the judgment, it is our opinion that the action of the court in sustaining the plea of limitation is correct, and the judgment is affirmed.