### COTTEN v. STANFORD et al.

### No. 5255.

Court of Civil Appeals of Texas. Amarillo.

Feb. 3, 1941.

John J. Watts, of Crane, and Vickers & Campbell, of Lubbock, for appellant.

R. L. Graves, of Brownfield, for appellees.

FOLLEY, Justice.

On May 17, 1927, the appellee, P. G. Stanford, recovered a final judgment in cause No. 85 in the County Court of Yoakum County in the sum of $472.70 against J. B. Cotten and Otto Cotten. On June 11, 1927, an execution was duly issued on this judgment and delivered to the sheriff of Yoakum County and by him returned unexecuted because no property was found subject to the execution.

In October, 1939, another execution was issued upon the above judgment and placed in the hands of Joe B. Ellison, Sheriff of Yoakum County, who levied upon certain personal property belonging to J. B. Cotten, the appellant herein. Thereupon the appellant and Otto Cotten filed this suit in the County Court of Yoakum Coun-

ty seeking to restrain the sheriff and P. G. Stanford from selling the property upon which the levy was made. They alleged that under the provisions of article 5532, R.C.S., the judgment in cause No. 85 was dormant and barred by limitations because more than ten years had elapsed between the issuance of the first execution in June, 1927 and the last execution in October, 1939, and, in addition to the injunctive relief, they sought to cancel the judgment.

The appellees answered alleging the validity of the judgment in cause No. 85 and denying that the same was dormant or barred by limitation. They further alleged that subsequent to the first execution of June, 1927, a second was issued on January 13, 1934; a third on August 21, 1937; a fourth on November 1, 1937; and the one in controversy on October 10, 1939. By what we construe as an alternative plea the appellees also alleged that if they were mistaken as to their asserted defenses the appellant, J. B. Cotten, was indebted to the appellee Stanford in the sum of $472.70, wherefore they prayed that J. B. Cotten take nothing by his suit, that the injunction be denied and that Stanford have judgment for his debt.

On December 11, 1939, at a hearing before the court, an injunction was granted in which it was recited that the "Clerk of this court is hereby directed to issue Writ of Injunction against Joe B. Ellison and P. G. Stanford, permanently restraining them and each of them from attempting to sell any property belonging to the said J. B. Cotten in satisfaction of a certain judgment recovered by P. G. Stanford in May of 1927 in the sum of approximately $500.00". The judgment further provided that prior to the issuance of the injunction J. B. Cotten should execute and file with the clerk a bond payable to Stanford in the sum of $2,000 "conditioned that the said J. B. Cotten shall abide the decision which may be finally made in this cause * * *".

On March 8, 1940, at a subsequent hearing, apparently upon the same pleadings, the trial court entered another judgment which is denominated a "Final Judgment" in which the court made certain findings of fact and then decreed that the injunction theretofore issued was dissolved; that J. B. Cotten take nothing by his suit and that all further relief asked for by the parties to the suit be denied. In this con-

nection it should be stated that the court in his findings of fact preceding his decree found that the judgment in cause No. 85 was valid, subsisting and unsatisfied and that the property levied upon was subject to the payment of such judgment, but the court failed to "order and decree" such judgment valid or revived or to grant any affirmative relief to the appellee Stanford other than to dissolve the injunction. It is from this judgment that this appeal is prosecuted by J. B. Cotten, the sole appellant, who makes the same contentions in this court which he asserted in the trial court.

The appellee Stanford has filed a motion to dismiss this appeal because the transcript was not filed in this court until April 26, 1940, which was more than 20 days after the entry of the judgment of March 8, 1940. He asserts that the judgment appealed from was merely a dissolution of a temporary injunction and under article 4662 of Vernon's Revised Civil Statutes no appeal may be prosecuted therefrom unless the transcript is filed with the clerk of this court within 20 days after the entry of the judgment.

■ We are of the opinion the judgment of the date of December 18, 1939, regardless of its language indicating the contrary, was no more than a temporary injunction. The requirement for the bond therein, the indication of a future hearing and the failure of the court to adjudicate all of the issues involved in the suit, necessarily results in the conclusion that such injunction was only temporary. James v. E. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959. However, it is further our opinion that the judgment of March 8, 1940, constituted more than a mere order dissolving the temporary injunction theretofore issued. Although the dissolution of the temporary injunction was all the affirmative relief actually granted, all other relief sought by the parties was specifically denied, which resulted in an adjudication of all the issues before the court and therefore became a final judgment. This being true, the cause is not governed by the provisions of article 4662 and the motion is overruled. McKenzie et al. v. Withers et al., 109 Tex. 255, 206 S.W. 503; Hamner v. Garrett et al., 63 Tex.Civ.App. 208, 132 S.W. 951.

There appears in the transcript an agreement of the date of November 14, 1939, made between the attorneys for the parties, with the approval of the county judge, to the effect that if the injunction should be denied the record might consist of the pleadings of the parties and the judgment of the court, and that the statement of facts might consist of the deposition of P. G. Stanford and the execution and docket entries in cause No. 85. This agreement was apparently made prior to the issuance of the injunction above mentioned and therefore prior to its dissolution. In the deposition of the appellee, P. G. Stanford, which is included in the transcript, he testified in substance that subsequent to the issuance of the execution of June 11, 1927, four or five additional executions were made out by the clerk of the county court and delivered to him in person; that some of these executions were, at his request, addressed to the sheriff of Crane County and the others to the sheriff of Pecos County; that he sent one or two of these executions to Joe Byars, an attorney at Crane, Texas, and the others were sent to M. G. McDonald, an attorney at Odessa, Texas; that he instructed these attorneys not to attempt to make a levy unless they found sufficient funds or property to cover the judgment; that he never did send any execution to anyone other than these attorneys; that all of the executions were returned to him by the attorneys except possibly one; that the county clerk made notations on his execution docket in the witness's presence on each occasion the executions were delivered to him; and that if the execution docket showed the first execution issued on June 11, 1927, the second on January 13, 1934, the third on August 21, 1937 and the fourth on November 1, 1937, these dates would constitute approximately the dates he received the executions.

Notwithstanding the above testimony from the appellee Stanford, in the findings of fact incorporated in the judgment of March 8, 1940, the trial court found that on January 13, 1934, Stanford had an execution issued out of cause No. 85 directed to the sheriff of Crane County "and sent to him for service but as far as the records are concerned it is not shown whether the same was returned or not". The trial court further found that Stanford had three other executions issued out of cause No. 85, two of which were of the date of August 21, 1937, and the third of the date of November 1, 1937, and that Stanford mailed each of them to lawyers in

Crane and Pecos Counties but that they were each returned by such lawyers without having been delivered to an officer for service.

■ The appellant contends that the final judgment herein was based solely upon the deposition testimony of P. ·G. Stanford and that the trial court was unauthorized to make the finding to the effect that an execution was issued on January 13, 1934, and sent to the sheriff of Crane County for service. The appellees assert there was other testimony introduced at the trial in support of such finding. While the record on this appeal is very unsatisfactory in showing the true situation in this respect, we are of the opinion the controversy thus presented becomes immaterial. Granting that the finding of the trial court is true and supported by the testimony, still it does not meet the requirements as to the issuance of an execution. Viewed in its most favorable light the finding is too indefinite to show an "unconditional delivery to an officer for enforcement in the manner provided by law". Harrison v. Orr, Tex.Com.App., 296 S.W. 871, 876. At most, the finding is merely to the effect that the execution was sent to the sheriff. It is not shown how it was sent, by whom it was sent nor whether or not it was received by the sheriff. Moreover, the presumption prevails if the writ had come into the hands of the sheriff he would have made his return of it to the clerk of the court from which it issued. Schneider et al. v. Dorsey et al., 96 Tex. 544, 74 S.W. 526. The term "issue", within the meaning of articles 3773 and 5532, Vernon's Revised Civil Statutes, "means more than the mere clerical preparation and attestation of the writ, and requires that it should be delivered to an officer for enforcement". Bourn v. Robinson, 49 Tex.Civ.App. 157, 107 S.W. 873, 875; 23 C.J. 361, par. 114. It therefore follows there was no sufficient showing or finding that an execution issued in cause No. 85 from June 11, 1927, until the issuance of the last execution on October 10, 1939, which is the subject of the injunctive relief sought herein. Such being true, more than ten years intervened between the issuance of the first and the last execution and the judgment in cause No. 85 was dormant at the time the execution of October 10, 1939, was issued. Furthermore since no judgment was rendered by the trial court herein reviving the judgment in cause No. 85 or granting to the appellee Stanford a recovery of any sort, the judgment in the original suit is still dormant (Fitzgerald v. Evans & Huffman, 53 Tex. 461), and as such it will not only fail to support an execution but will authorize an injunction against the seizure and sale of property thereunder. 18 Tex. Jur. 611, par. 68; Buie v. Crouch, 37 Tex. 53; North et al. v. Swing et al., 24 Tex. 193; Willis et al. v. Stroud, 67 Tex. 516, 3 S.W. 732; Spiller et al. v. Hollinger, Tex.Civ.App., 148 S.W. 338; Dupree et al. v. Gale Mfg. Co., 107 Tex. 649, 184 S.W. 184.

■ Having held that the judgment in cause No. 85 is dormant, it becomes immaterial for us to pass upon the question of limitation. As indicated in our recent decision in Gartin v. Furgeson, 144 S.W. 2d 1114, under the authorities therein cited we thought it settled that a judgment is barred after ten years have expired from the date of the last execution. To this holding we still adhere but in view of another trial herein we call attention to the fact the Supreme Court of this State has granted an application for a writ of error in Zummo Packing Co. v. Cotham, 135 S.W.2d 177, wherein the only question decided was that of limitations under facts identical in substance with those of the instant case and of the case of Gartin v. Furgeson, supra.

The judgment is reversed and the cause remanded.