J. A. Platt, of Houston, Tex., for West Securities Co.

## In re KIRBY.
### No. 1717.

District Court, S. D. Texas, Houston Division.

Aug. 6, 1942.

KENNERLY, District Judge.

This is a hearing on the petition of The Royal Bank of Canada (for brevity called Bank of Canada) in the Estate of John Henry Kirby, bankrupt, to review an order of a referee in bankruptcy, giving direction to the trustee in bankruptcy with respect to the assets of the Gulf Coast Securities Corporation, Port City Realty Company, and Southeast Texas Mineral Company, corporations wholly owned by Kirby, and whose assets have been placed in and are in the hands of the trustee in bankruptcy under orders of the court. In the order entered, the referee placed the funds and assets of all three corporations, ·

and the funds and assets of Kirby, in a common fund, and (except as to two creditors) directed the payment of dividends on all creditors' claims (including the Bank of Canada) out of such common fund. He refused to first order the payment of such bank and others similarly situated out of the assets and funds of the Gulf Coast Securities Corporation.

The order giving such directions to the trustee was made (May 7, 1942) after the trustee (October 9, 1941) had applied to the referee for directions and after notice to all creditors and a hearing (November 7, 1941) before the referee.

1. I have examined the findings of fact made by the referee in bankruptcy. They are supported by and in accordance with the evidence in the record and are approved.

Kirby was adjudged a bankrupt on his petition in bankruptcy, filed May 9, 1933. This court October 11, 1933, and January 3, 1934, directed the trustee in bankruptcy of his estate to take possession of the assets of the three corporations in which Kirby owned all the stock. There was no appeal from such orders. The Royal Bank of Canada filed its claim herein June 19, 1933, against the estate of John H. Kirby only. During a period of more than seven years, during which time the trustee in bankruptcy was converting the assets of the three corporations into money, such bank filed no suits or claims against either of such corporations. At the hearing before the referee on November 7, 1941, such bank still filed no claim in writing against such corporations, but stood upon its claim against the estate of Kirby, and apparently made oral contentions before the referee that it should be paid out of the funds of the Gulf Coast Securities Corporation.

Under these circumstances, I think the referee might well have found that said bank, and I think the evidence compels a finding that said bank, abandoned any claim against the Gulf Coast Securities Corporation and the other two corporations and elected to stand upon its claim filed against Kirby alone. This is true not only of said bank, but of several other creditors similarly situated.

2. The referee's finding and conclusion that the transfers by Kirby of certain of his assets to said Gulf Coast Securities Corporation were not fraudulent and not made with the fraudulent intent to hinder, delay or defraud his creditors are well supported by and in accordance with the evidence and are approved. I think there is no evidence to show that any of the transfers made by Kirby to any of the three corporations were fraudulent and made with the fraudulent intent to hinder, delay or defraud his creditors.

3. The referee's finding and conclusion that the transfers made by Kirby to the Gulf Coast Securities Corporation cannot at this late date be set aside in this proceeding as a preference are approved.

4. The referee's finding and conclusion that no creditor of the Gulf Coast Securities Corporation (except Houston National Bank and Mary Wall Kirby, et al.) instituted any proceeding in any court against such corporation or its assets, and that their claims (including the claim of the Bank of Canada) against said Gulf Coast securities Corporation and its assets are barred by the Texas four-year statute of limitation, are correct and are approved.

5. Neither the Bank of Canada nor any other person is complaining here of the order of the referee allowing the Houston National Bank to be paid out of the assets of the Gulf Coast Securities Corporation, and that matter is not before the court. I deem it proper to suggest, however, that while the filing of the suit by the said Houston National Bank in the state court stopped the running of the statute of limitation against its claim, such suit in the state court on such claim should proceed to judgment before it should be permitted to·be paid out of the assets of said corporation now in the hands of the trustee in bankruptcy.

6. It appears that the reason the referee (W. Noble Carl, Esq.) referred to the judge of the court the question of whether Mary Wall Kirby et al. should be paid out of the assets of the Gulf Coast Securities Corporation is that he preferred not to pass upon that particular claim. Recently, however, Referee Carl has been given a leave of absence to enter the Navy, and another referee (H. E. Bell, Esq.) has been appointed to serve during his leave of absence, and there appears to be no reason why Referee Bell should not proceed to a hearing of the claim of Mary Wall Kirby et al.

7. This petition by the Royal Bank of Canada to review an order of a referee in bankruptcy was filed with the referee May

12, 1942. On June 20, 1942, the matter was argued before the court by counsel for the trustee and said bank and all creditors who desired to be heard. The court on that date took the submission of the matter. On June 25, 1942, I received by mail a letter from counsel for the Royal Bank of Canada, enclosing additional argument and also enclosing a "plea of reclamation of the Royal Bank of Canada." It does not seem to me that such plea adds anything to such bank's case, but the clerk of the court is directed to file same as of date, June 25, 1942, and to make it a part of the record.

From what has been said, it follows that the order of the referee complained of should be and it is affirmed. An order may be drawn and presented accordingly.

The clerk of the court will furnish Referee Carl and Referee Bell each with a copy of this memorandum.