## In re KIRBY.

### No. 1717.

District Court, S. D. Texas, Houston Division.

Sept. 16, 1943.

Fulbright, Crooker, Freeman & Bates, of Houston, Tex., for trustee.

A. Milton Vance, of Houston, Tex., for petitioner.

KENNERLY, District Judge.

This is a hearing on the petition of the trustee of the estate of John H. Kirby, bankrupt, to review an order of the referee in bankruptcy, dated May 20, 1943, directing the payment of the claim of Walter Yerby, assignee of the Davidson Hotel Equipment Company, out of the assets of the Gulf Coast Securities Corporation. The case is similar to that of the Royal Bank of Canada, heard August 6, 1942, in which such bank likewise claimed the right to be paid out of the assets of Securities Corporation. D.C., 55 F.Supp. 523.

The controlling facts briefly are these:

John H. Kirby was adjudged a bankrupt on May 9, 1933. He was the owner of all of the capital stock of three corporations which he had organized and to which he had conveyed all or part of his properties. One of these was the Gulf Coast Securities Corporation. None of these corporations was adjudged bankrupt, but the trustee of the estate of John H. Kirby was directed on October 11, 1933, and January 3, 1934, to take possession of and have conveyed to him all the assets of such corporations. This was done. There

has been no complaint of nor appeal from such orders and such action.

On November 4, 1932, and prior to the time Kirby was adjudged bankrupt, the Davidson Hotel Equipment Company recovered a judgment against John H. Kirby, H. C. Burch and Gulf Coast Securities Corporation for $9,052.05, besides interest, and such judgment provided:

"It further appearing to the court that by agreement of the parties herein that plaintiff shall not be entitled to execution to enforce said judgment until April 15, 1933, and that if said judgment remains unpaid after that date that plaintiff shall be entitled to execution to enforce said judgment at any time thereafter."

On August 14, 1933, the Davidson Hotel Equipment Company filed herein its claim, based upon such judgment, against the estate of John H. Kirby. A copy of the judgment was attached to and filed with such claim. This was not a claim against either the Securities Corporation or its assets. No claim based on such judgment was filed against such Securities Corporation or its assets, nor was any effort made to subject its assets to such judgment until December 30, 1942, when Walter Yerby, assignee of such judgment, filed herein this proceeding, asking that such judgment be paid out of the assets of the Securities Corporation. Thereupon, the trustee of the John H. Kirby estate, filed a pleading, combatting the claim of Yerby, and after a hearing, the referee entered the order of May 20, 1943, of which the trustee is now here complaining.

1. Yerby sets forth in his pleadings and contends here that the order of Noble Carl, Esq., referee, dated May 7, 1942, is an adjudication that he (Yerby) is entitled to be paid out of the assets of the Securities Corporation. A reference to memorandum opinion filed by a judge of the court in the matter of the Royal Bank of Canada Claim will indicate that when on August 6, 1942, such order was affirmed, it was not regarded as having the effect, and was not given the effect, claimed for it by Yerby.

Such order is not an adjudication that Yerby is entitled to be paid out of the assets of Securities Corporation.

■ 2. The judgment on which Yerby's claim is based is dated November 4, 1932, and is against both Kirby and Securities Corporation, and plaintiff in such judgment then had the right to proceed to collect same against both or either. But no execution has at any time been issued on such judgment, and no effort has been made to revive same under the Texas statutes or otherwise. The first and only thing done, and the only effort to subject the assets of the Securities Corporation thereto, was the filing of these proceedings by Yerby on December 30, 1942. This was more than ten years after the date of the judgment, more than nine years after claim under such judgment had been filed herein solely against the estate of John H. Kirby, and more than eight years after the above mentioned orders of October 11, 1933, and January 3, 1934. It is too late for Yerby to make an attack on the action of Kirby in creating and conveying property to Securities Corporation, too late for him to attack the orders of October 11, 1933, and January 3, 1934, or any action of the trustee thereunder, and too late for him to now elect to proceed against the assets of the Securities Corporation. Clearly Yerby's claim against the Securities Corporation and its assets has been long since abandoned.

■ 3. Prior to the 1933 amendment, Article 3773 of Vernon's Civil Statutes of Texas read as follows:

"If no execution is issued within twelve months after the rendition of a judgment in any court of record, the judgment shall become dormant and no execution shall issue thereon unless such judgment be revived. If the first execution has issued within the twelve months, the judgment shall not become dormant, unless ten years shall have elapsed between the issuance of executions thereon, and execution may issue at any time within ten years after the issuance of the preceding execution."

After the 1933 amendment, it read as follows:

"If no execution is issued within ten years after the rendition of a judgment in any court of record, the judgment shall become dormant and no execution shall issue thereon unless such judgment be revived. If the first execution has issued within the ten years, the judgment shall not become dormant, unless ten years shall have elapsed between the issuance of executions thereon, and execution may issue at any time within ten years after the issuance of the preceding execution."

Article 5532 of Vernon's Civil Statutes of Texas reads as follows:

"A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after date of such judgment, and not after."

As has been pointed out, the judgment in question was rendered November 4, 1932, and no execution has ever been issued thereon. These proceedings by Yerby seeking to be paid out of the assets of the Securities Corporation were filed herein December 30, 1942, more than ten years after the date of such judgment. Under the statutes quoted and the Texas decisions, the judgment, insofar as the Gulf Coast Securities Corporation is concerned, is barred by limitation. This is true notwithstanding the fact that the judgment provided that execution should not issue thereon until April 15, 1933. Commerce Trust Co. v. Ramp, 135 Tex. 84, 138 S.W. 2d 531; Zummo Packing Co. v. Cotham, 137 Tex. 517, 155 S.W.2d 600; Mingus v. Kadane, Tex.Civ.App., 125 S.W.2d 630; Gillam v. Matthews, Tex.Civ.App., 122 S. W.2d 348.

It follows from that has been said that an order should enter here, reversing and vacating the referee's order of May 20, 1943, and denying Yerby payment out of the assets of the Gulf Coast Securities Corporation.

Let an order be drawn and presented accordingly.