## YERBY v. KERR.
### No. 10870.

Circuit Court of Appeals, Fifth Circuit.

May 22, 1944.

Rehearing Denied June 26, 1944.

A. Milton Vance, of Houston, Tex., for appellant.

A. G. McNeese, Jr., Cecil C. Rotsch, and Richard L. Morley, all of Houston, Tex., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

LEE, Circuit Judge.

Appellant, as assignee of Davidson Hotel Equipment Company, has appealed from an order refusing to allow his claim to be paid out of funds of Gulf Coast Securities Corporation in the hands of A. E. Kerr, trustee in bankruptcy of the estate of John Henry Kirby, bankrupt. The claim assigned to the appellant was a judgment obtained by the Davidson Hotel Equipment Company against the Gulf Coast Securities Corporation, John Henry Kirby, and H. C. Burch, on November 4, 1932, which judgment was properly certified to and filed with the Bankruptcy Court as part of the proof of claim against the bankrupt, John Henry Kirby, on August 11, 1933. No execution had ever issued on the judgment; nor had it been revived; and appellant's claim against the Gulf Coast Securities Corporation was filed with A. E. Kerr,

trustee in bankruptcy, on December 30, 1942, more than ten years after rendition of the judgment. The court below held that the judgment on which appellant's claim was based was dormant and was barred by limitation under Articles 3773 and 5532 of the Revised Civil Statutes of Texas, Vernon's Ann.Civ.St.Tex. arts. 3773, 5532.[1] The one question involved is the correctness of the ruling of the District Judge holding appellant's claim to be barred as aforesaid.

The record reveals the following pertinent facts: John Henry Kirby, on May 28, 1931, conveyed certain of his assets to the Gulf Coast Securities Corporation, of which he was owner of all stock, in consideration of its assumption of certain of his debts. On May 15, 1933, he was adjudged a bankrupt. On August 11, 1933, Davidson Hotel Equipment Company, owner of the judgment rendered against the bankrupt and the Gulf Coast Securities Corporation on November 4, 1932, filed its claim, with a copy of the judgment attached, against the estate of the bankrupt only. At that time the Gulf Coast Securities Corporation was a going corporation, but no effort was made to collect the judgment against it. On said date the Bankruptcy Court, on petition of A. E. Kerr, trustee in bankruptcy of the estate of John Henry Kirby, bankrupt, after notice to all parties concerned, held a hearing following which all shares of stock of the Gulf Coast Securities Corporation held by trustees under a voting trust were ordered delivered to A. E. Kerr, trustee in bankruptcy. No appearance was made at said hearing in behalf of the Davidson Hotel Equipment Company. Some months later, on petition of A. E. Kerr, trustee, the referee in bankruptcy held a hearing the purpose of which was to decide how the trustee should administer the properties of the Gulf Coast Securities Corporation. At this hearing, no one appeared for the Davidson Hotel Equipment Company. Following said hearing, the referee, on January 12, 1934, entered an order reading, in part, as follows:

"It Is Accordingly Ordered and the trustee is hereby instructed by the Referee, he being the sole stockholder in Gulf Coast Securities Corporation, Port City Realty Company of Houston and Southeast Texas Mineral Company to cause said corporations by proper and legal corporate actions to convey, transfer, assign and deliver to the Trustee in Bankruptcy herein as such, all of the properties of the said corporations which transfer shall be subject to any and all debts, obligations, contracts and liabilities that may be due and owing on said properties or by said corporations, and said conveyances shall not in any manner prejudice or affect said debts, obligations, contracts or liabilities and the Trustee is further hereby instructed to administer said properties in accordance with the bankruptcy law * * *."

Under said order the trustee took over all assets of the Gulf Coast Securities Corporation. On November 7, 1941, upon the petition of the trustee and after ten days' notice to all creditors, the referee had a hearing for the purpose of determining how the assets formerly standing in the name of the Gulf Coast Securities Corporation, and other corporations taken over by the trustee, should be distributed. Davidson Hotel Equipment Company, although notified, did not appear at the hearing, nor had it at that time filed any claim against Gulf Coast Securities Corporation or against its assets.

On May 7, 1942, the referee entered an order reading as follows:

"1. That the proceeds from the assets of each of the corporations now or hereafter coming into the hands of the Trustee, viz.: Gulf Coast Securities Corporation, Port City Realty Company of Houston and Southeast Texas Mineral Company, shall be paid to those creditors of said respective corporations in this proceeding whose claims as creditors of said corporation are now valid and subsisting and are not barred by limitation and are not subject to any other defense.

---

[1] Article 3773: "If no execution is issued within ten years after the rendition of a judgment in any court of record, the judgment shall become dormant and no execution shall issue thereon unless such judgment be revived. If the first execution has issued within the ten years, the judgment shall not become dormant, unless ten years shall have elapsed between the issuance of execution thereon, and execution may issue at any time within ten years after the issuance of the preceding execution."

Article 5532: "A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after date of such judgment, and not after."

"2. That the claim of Houston National Bank, Houston, Texas, as asserted upon said hearing upon a promissory note in the principal amount of $2,209.34 dated July 22, 1931, bearing interest from date at the rate of 6% per annum and payable upon demand, and providing for 10% attorney's fees, executed by Gulf Coast Securities Corporation and indorsed by John Henry Kirby to W. G. Burchfield and Brother and indorsed by said payee to Houston National Bank, Houston, Texas, and upon which note suit was filed October 28, 1932, in the District Court of Harris County, Texas, where it is still pending, be paid in full out of the proceeds from the assets of Gulf Coast Securities Corporation.

"3. That the claim of Mary Wall Kirby as creditor of Gulf Coast Securities Corporation to be paid out of the assets of said corporation is not here passed upon, but the same is reserved for subsequent determination by and under the direction of the United States District Judge for the Southern District of Texas, Houston Division.

"4. It is further ordered that subject to the two claims hereinabove mentioned all funds and moneys in the hands of the trustee, whether received by him from assets formerly standing in the name of John Henry Kirby, individually, or in the name of Gulf Coast Securities Corporation or Port City Realty Company of Houston or Southeast Texas Mineral Company be consolidated into the account of John Henry Kirby, individually and subject to the payment of the expenses of administration in this proceeding, and priority claims, if any, said moneys now on hand or hereafter received shall be, upon proper application of the trustee for payment of a dividend, distributed prorata to the creditors in this proceeding whose claims have been filed against the Estate of John Henry Kirby, bankrupt, and which have been or may hereafter be allowed, without preference or priority to creditors of Gulf Coast Securities Corporation, Port City Realty Company of Houston or Southeast Texas Mineral Company."

On December 30, 1942, appellant, as assignee of the Davidson Hotel Equipment Company, filed with the trustee in bankruptcy for the estate of John Henry Kirby, an unsworn petition signed by his attorney asserting a claim against the Gulf Coast Securities Corporation based on ownership of said judgment, and alleged that the trustee had possession of the assets of the Gulf Coast Securities Corporation; that an order had been entered by the referee in bankruptcy (referring to the order of date May 7, 1942), providing:

"That the proceeds from the assets of each of the corporations now or hereafter coming into the hands of the trustee, viz.: Gulf Coast Securities Corporation, Port City Realty Company of Houston and Southeast Texas Mineral Company, shall be paid to those creditors of said respective corporations in this proceeding whose claims as creditors of said corporation are now valid and subsisting and are not barred by limitation and are not subject to any other defense."

That by virtue of the judgment he was a creditor of the Gulf Coast Securities Corporation; that his claim was valid and subsisting, and not barred by limitation, and not subject to any other defense; and that he was entitled to have his claim, as evidenced by the judgment, paid in full out of the assets of the Gulf Coast Securities Corporation, in the hands of the trustee, before any distribution was made of assets to the creditors of the bankrupt.

A. E. Kerr, trustee, contested said claim, urging, among other defenses, that the judgment on which the claim was based had become dormant as against the Gulf Coast Securities Corporation and that said judgment could not be revived under the Statutes of the State of Texas.

A hearing was had by the referee, and on May 20, 1943, the claim of appellant was, by order of the referee, duly recognized and ordered paid out of the assets of the Gulf Coast Securities Corporation.[2] On petition of the trustee to review said order the court below held that the judgment had become dormant and was barred by limitation, and entered an order reversing and vacating the referee's order of May 20, 1943, and denying appellant payment out of the assets of the Gulf Coast Securities Corporation.

Appellant admits that unless the order of the Referee of date May 7, 1942, was an adjudication that the judgment (debt) in favor of Davidson Hotel Equipment Company be paid then that said judg-

[2] The Referee who heard and passed upon appellant's claim was the successor to the Referee who issued the order of May 7, 1942.

ment became dormant and barred on November 4, 1942.

In this Court, appellant says:

"In his brief the appellee asserts that the judgment of the Equipment Company against Securities Corporation became dormant. It is not clear to us at what date he claims it became dormant. In our brief we concede that it would have become both dormant and barred on November 4, 1942, but not before if the proceedings which occurred in the Bankruptcy Court did not prevent it. We contend that they did prevent it.

"If the order of May 7, 1942, was an adjudication that the claim be paid, as we contend, it is in fact immaterial whether the judgment was dormant on that date. * * * At the proceeding culminating in the order of May 7, 1942, it was ordered that all debts of Securities Corporation not then barred by limitation be paid. The judgment, even if it had been dormant, was admittedly not then barred by limitation, and therefore evidenced a debt of Securities Corporation within the terms of the order."

We think it clear that the referee's order of May 7, 1942, was not an adjudication that said judgment be paid. If the order had stopped with the first paragraph reading: "That the proceeds from the assets of each of the corporations now or hereafter coming into the hands of the trustee, viz.: Gulf Coast Securities Corporation, Port City Realty Company of Houston and Southeast Texas Mineral Company, shall be paid to those creditors of said respective corporations in this proceeding whose claims as creditors of said corporation are now valid and subsisting and are not barred by limitation and are not subject to any other defense."—there might be some grounds for appellant's contention. In the second paragraph, however, the referee ordered that the claim of the Houston National Bank against the Gulf Coast Securities Corporation be paid; in the third paragraph he provided that the claim of Mary Wall Kirby as a creditor of the Gulf Coast Securities Corporation be passed and reserved for subsequent determination by the United States District Judge; in the fourth paragraph he indicated clearly that all claims against the assets of the Gulf Coast Securities Corporation except the two claims previously mentioned be denied. The fourth paragraph provided: "It is further ordered that subject to the two claims hereinabove mentioned all funds and moneys in the hands of the trustee, whether received by him from assets formerly standing in the name of John Henry Kirby, individually, or in the name of Gulf Coast Securities Corporation or Port City Realty Company of Houston or Southeast Texas Mineral Company * * *" and all moneys thereafter received by the trustee from assets standing in the name of said bankrupt and said corporations be consolidated into the account of the bankrupt, " * * * and * * * said moneys * * * shall be * * * distributed prorata to the creditors in this proceeding whose claims have been filed against the Estate of John Henry Kirby, Bankrupt, and which have been or may hereafter be allowed, without preference or priority to creditors of Gulf Coast Securities Corporation, Port City Realty Company of Houston or Southeast Texas Mineral Company."

It is clear that this order when considered as a whole does not provide that creditors of the Gulf Coast Securities Corporation who made no appearance and whose claims were not allowed should be paid. In fact, the order only recognized two claims against the Gulf Coast Securities Corporation, that of the Houston National Bank, which was ordered paid, and that of Mary Wall Kirby, which was passed to be considered by the District Judge. As the claim of the Davidson Hotel Equipment Company against the Gulf Coast Securities Corporation was only filed with the trustee on December 30, 1942, more than ten years after the judgment was rendered, and as no execution had issued thereon, we agree with the court below that the judgment, insofar as it affected the Gulf Coast Securities Corporation, had become dormant and was barred by limitation.[3]

The order appealed from is correct and is accordingly

Affirmed.

---

[3] Commerce Trust Co. v. Ramp, 135 Tex. 84, 138 S.W.2d 531; Zummo Packing Co. v. Cotham, 137 Tex. 517, 155 S.W.2d 600; Gillam v. Matthews, Tex. Civ.App., 122 S.W.2d 348; and Mingus v. Kadane, Tex.Civ.App., 125 S.W.2d 630.