Honorable Mike Atkins Ector County Attorney Ector County Courthouse Odessa, Texas 79761
Re: Whether the Ector County Court at Law judge may resign from duties of the juvenile court.
Dear Mr. Atkins:
You have requested our opinion as to whether the judge of the Ector County Court at Law may resign his position as judge of the Juvenile Court for Ector County. Article 2338-12, V.T.C.S., enacted in 1959, provides:
 Section 1. The County Court at Law of Ector County shall be the Juvenile Court for Ector County and exercise such jurisdiction in addition to the duties now imposed upon such court by law.
 Sec. 2. The Judge of the County Court at Law of Ector County shall exercise the duties of Judge of the Juvenile Court of Ector County in addition to the duties now imposed upon him by law as Judge of the County Court at Law of Ector County.
 Sec. 3. The Judge of the County Court at Law of Ector County in addition to the compensation received as Judge of the County Court at Law of Ector County may be paid a salary, not to exceed Three Thousand Dollars ($3,000.00), for his services as Judge of the Juvenile Court of Ector County, said additional salary to be paid out of the General Fund of Ector County on the order of the Commissioners Court of said county in equal monthly installments.
Section 51.04(b) of the Family Code, enacted in 1973, provides:
 (b) In a county having a juvenile board, the board shall designate one or more district, criminal district, domestic relations, juvenile, or county courts or county courts at law as the juvenile court, subject to Subsection (d) of this section.
Ector County has a juvenile board. Article 5139UU, V.T.C.S.
Section 51.04(b) clearly confers upon the juvenile board of Ector County the authority to designate any of the named courts as a juvenile court. It does not follow, however, that the juvenile board may thereby annul the statutory designation of the Ector County Court at Law as a juvenile court for Ector County. Article 2338-12 has not been repealed, and it is well established that repeals by implication are not favored. Dallas Title Guaranty Co. v. Board of Insurance Commissioners, 224 S.W.2d 332, 334
(Tex.Civ.App.-Austin 1949, writ ref'd). Since there is no necessary conflict between the two statutes, both should be given effect. Gillam v. Matthews, 122 S.W.2d 348, 349
(Tex.Civ.App.-Fort Worth 1938, writ dism'd w.o.j.).
Furthermore, although section 51.04(b) of the Family Code was enacted subsequent to article 2338-12, the latter is the more specific statute. Bassett Lumber Co. v. City of Houston,198 S.W.2d 879, 881 (Tex. 1947); Commercial Standard Fire Marine Co. v. Commissioner of Insurance, 429 S.W.2d 930, 933
(Tex.Civ.App.-Austin 1968, no writ). On the basis of these canons of statutory construction, we conclude that the Ector County Court at Law continues to constitute at least one of the juvenile courts of the county and that, as a result, the judge of that court may not resign his position as judge of the juvenile court.
 SUMMARY
The Ector County Court at Law continues to constitute at least one of the juvenile courts of the county and, as a result, the judge of that court may not resign his position as judge of the juvenile court.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General