

# The Attorney General of Texas

July 19, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Stan Schlueter
Chairman
Committee on Financial Institutions
Texas House of Representatives
P. O. Box 2910
Austin, Texas   78769

Opinion No. MW-496

Re:   Construction   of   House
Bill No. 1208

Dear Representative Schlueter:

You have requested our opinion regarding the interpretation of House Bill No. 1208, passed by the Sixty-seventh Legislature and codified as article 2529b-1, V.T.C.S.  You first ask:

> May securities pledged to secure public deposits pursuant to House Bill No. 1208 be pledged to the full extent of market value?

Section 2 of article 2529b-1 clearly states, in pertinent part:

> Investment securities or any ownership or beneficial interest [t]herein shall be eligible and lawful security for all deposits of public funds of the State of Texas and any public agency <u>to the extent of the market value thereof.</u> (Emphasis added).

Prior to the enactment of this bill, our laws had differing valuation rules for various types of depositories.  One obvious intent of article 2529b-1 was to remove those differences by stating a uniform rule.  Texas courts have long recognized a fundamental rule of statutory construction, set out in <u>Mingus v. Kadane</u>, 125 S.W.2d 630, 631 (Tex. Civ. App. - Fort Worth 1939, writ dism'd judgmt. cor.), wherein the court cites volume 59, page 910 of Corpus Juris, stating:

> Where two legislative acts are repugnant to, or in conflict with, each other, the one last passed, being the latest expression of the legislative will, will, although it contains no repealing clause, govern, control, or prevail, so as to supercede and impliedly repeal the earlier act to the extent of the repugnancy.

Article 2529, V.T.C.S., most recently amended in 1967, see Acts 1967, 60th Leg., ch. 738, at 1991, enumerates the securities that a bank may pledge as security for state funds in order to qualify as a state depository.  This statute then provides as follows:

> All of such securities may be accepted by the [State Depository] Board, provided the aggregate amount thereof is not less than twenty per cent (20%) greater than the total amount of state funds that they secure; provided that the amount of all bonds and other obligations offered as collateral shall be determined by the Board on the basis of either their par or market value, whichever is less.

Article 2529b-1 was enacted in 1981.  This statute does not have a repealer clause, but section 3 provides as follows:

> The provisions of this Act shall be cumulative of all other existing laws, but shall be full and complete authority for investment securities to be eligible to secure public funds without reference to any other law.  (Emphasis added).

Article 2529b-1 does not repeal in toto any prior statutes relating to security for public deposits.  However, considering the general rule followed in Mingus, it is clear that any prior conflicting statutory provisions regarding valuation of pledge securities were repealed by the enactment of this statute.  It provides that "[i]nvestment securities... shall be eligible and lawful security for all deposits of public funds... to the extent of the market value thereof."  §2.  "Investment securities" include government securities and obligations issued by a public agency.  The terms "government securities" and "public agency" are defined in section 1 of article 2529b-1.

Consequently, the securities included within the definitions of "[i]nvestment securities" in the later enacted statute are lawful security for the deposit of public funds "to the extent of... market value."  Securities, if any, that are not included within the definition of "[i]nvestment securities" in article 2529b-1 and that are specifically listed in article 2529 are to be valued at "either their par or market value, whichever is less."

The Sixty-seventh Legislature also passed another statute with similar provisions.  House Bill No. 2050, entitled the Bond Procedures Act of 1981 and codified as article 717k-6, V.T.C.S., was passed and became effective only days after House Bill No. 1208.  House Bill No. 2050 has broader definitions of issuers of public securities and those

securities eligible to pledge against deposits of public funds than
House Bill No. 1208, but has the same valuation rule wherein it
states:

> Said bonds also are eligible to secure
> deposits of any public funds of the state or any
> political subdivision or public agency of the
> state, and are lawful and sufficient security for
> the deposits to the extent of their market value,
> when accompanied by any unmatured coupons attached
> to the bonds.  (Emphasis added).

V.T.C.S. art. 717k-6, §9.  Thus, House Bill No. 2050 reiterates the
legislature's will that "market value" be the rule for valuation of
eligible securities pledged to secure public deposits.

Even though article 2529b-1 now directs the State Depository
Board to value pledged securities "to the extent of the market value
thereof," the board retains the power "to reject any and all
collateral or surety bonds tendered by a state depository, without
assigning any reason therefor," and its action in doing so is final
and not subject to review.  V.T.C.S. art. 2529.  Moreover, any
securities pledged by a depository are subject to the following
provision of article 2529, V.T.C.S.:

> In the event the market value of the securities
> pledged by any depository shall decrease to the
> point where the collateral value of said
> securities, as fixed by the Board, is less than
> the amount of said funds on deposit in said
> depository, the Board shall require additional
> security in order to equalize such depreciation.

Your second question relates to the form of such securities.  You
specifically have asked:

> Are bonds, fully registered, registered as to
> principal only and bonds registered as to interest
> only eligible to secure deposits under House Bill
> No. 1208?

The term "fully registrable" means, with reference to public
securities, that both the principal and interest of such securities
are payable only to the registered owner thereof.  V.T.C.S. art. 715b,
§2(2).  Public securities may be issued in a form that makes them
either unregistrable, fully registrable or registrable as to principal
only.  Id. §3.  See also V.T.C.S. art. 717k-6, §4.

House Bill No. 1208 contains no limitations on the form of the
investment securities eligible to secure public deposits.  House Bill
No. 2050 provides:

Sec. 4.   The governing body of any issuer is authorized to issue bonds and the interest coupons appertaining thereto, if any, in such form or forms, with provision for registering such bonds as to principal or as to principal and interest, or with provision for changing the form or forms of such bonds and interest coupons, if any, in such manner as shall be specified by the governing body of the issuer in the resolution, order, ordinance, or other proceedings authorizing the bonds.

Sec. 5.   The governing body of any issuer is authorized to issue bonds constituting a series of any number of bonds, or a single bond, payable in one stated amount or in stated installments to the bearer, or to a registered or a named payee, or to the order of, or to the successors or assigns of, such registered or named payee, and provision may be made for the conversion of any bond or interest coupon, upon request or demand of the bearer... registrable as to principal or as to principal and interest, or into fully registered bonds without interest coupons, or into any other form.... (Emphasis added).

V.T.C.S. art. 717k-6, §§4, 5.   Thus, House Bill No. 2050 is virtually limitless as to the form of the eligible securities.   Such securities are eligible to be pledged in bearer form with coupons attached registered as to principal or as to principal and interest, or into fully registered bonds without interest coupons, or in any other form authorized by the governing body of the issuer.

## S U M M A R Y

Securities pledged to secure public deposits pursuant to article 2529b-1 may be pledged to the full extent of their market value.   They are eligible to be pledged in bearer form with coupons attached, registered as to principal or as to principal and interest, or into fully registered bonds without interest coupons, or in any other form authorized by the governing body of the issuer.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Ladd D. Patillo
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Patricia Hinojosa
Ladd D. Patillo